## SISK *vs.* CUNNINGHAM.

Where a person contracts for the service of another for an indefinite time, the contract to be terminated at the pleasure of either party, and the servant to be furnished with suitable clothing, &c. : If the employer fails to furnish the servant with such clothing, and the latter leaves his service in consequence thereof, the servant is entitled to recover as much as his services were worth.

APPEAL from Randolph Circuit Court.

Van Arsdall *and* Hickman, *for Appellants.*

1. There is no evidence that Sisk, the appellee, ever took Martha, the appellee, into his employment, under a contract, express or implied, to pay her wages if she saw proper to leave his employ in a few months.

2. The contract, proved by the evidence of Rebecca Cunningham, that existed between the appellee and appellant, shows that the engagement was for a term of years, and made to depend on some certain contingencies, such as the satisfaction of the appellant, Sisk, and his family, with the said Martha, the appellee; and if the parties were satisfied, &c., then Sisk agreed that if she continued with him or his family until she got married, or became of age, he, during the time she staid with him, would furnish her clothing &c., and at the full expiration of the term, give her a bed, &c.

3. There is no other contract proved in this cause, nor is there any evidence by which a contract can be implied different from the one proved by the said Rebecca; and her evidence, that she had bought clothing, and that Sisk refused

to pay for them, shows no refusal on his part by which she, Rebecca, would have the right to take Martha out of the employ of Sisk, and recover monthly wages. — Muldrow *vs.* Tappan, 6 Mo. Rep., 276; Christy *vs.* Price, 7 Mo. Rep., 430; and Posey *vs.* Garth, 7 Mo. Rep., 94.

NAPTON, *Judge, delivered the opinion of the Court.*

This was an action brought by the defendant in error against Sisk, before a justice of the peace, for work and labor done in the service of Sisk. After a verdict before the justice, in favor of the defendant in error, the case came before the Circuit Court; a new trial was had, and the plaintiff below again obtained a verdict.

It appeared in evidence on the trial, that Martha Cunningham, the plaintiff, had been placed by her aunt at the house of the defendant, to live in his family so long as they were mutually satisfied with each other, and perform such services as were customary among the females of his family, with a mutual understanding that for those services she was to be instructed by the defendant's wife in certain branches of housewifery; receive suitable clothing, food and lodging; and when she became of age, or was married, be furnished with a good bed and such other articles of household goods as would be a reasonable compensation for her services. If she married before she became of age, then she was to receive in proportion to the time she lived with defendant. It appeared, that the plaintiff lived with defendant about three months and a half; that, at the expiration of this time, the witness,—(who was the aunt of the plaintiff,) discovering that the plaintiff had not been furnished with what she considered suitable clothing, purchased some for the plaintiff, and that defendant refused to pay for the same; whereupon plaintiff left the service of defendant, and brought (by her next friend) this suit, to recover the price of her services.

On this state of facts, the court instructed the jury, on the application of the plaintiff, that if the plaintiff worked for the defendant under a general contract, and the defendant failed or refused to comply with his part of the contract, the plaintiff had a right to quit his service on such failure or refusal; and the value of her services was the measure of damages. And if there was a special contract, and the defendant violated it, then the plaintiff had a right to quit, and recover the value of her work. But the court refused to instruct the jury, on the defendant's application, that, if the plaintiff was entitled to wages, and her wages were, by contract, to be paid in clothing or other property, the plaintiff was not entitled to judgment unless a demand of such clothing or other property was made, and the defendant refused to comply with such demand.

This was a contract for an indefinite time, to be terminated at the pleasure of either party, and therefore does not come within the principle laid down in Posey *vs.* Garth, (7 Mo. Rep., 94,) where it was held, that if a person retain a servant for a year, and the servant is prevented from fulfilling his contract by the fault of his employer, the servant is entitled to wages for the entire year. Here the engagement was determined by the marriage of the plaintiff, or her attaining the

age of twenty-one years; and upon the happening of either of these events, she was entitled to be paid in certain specified articles of property. But no provision was made for a case in which the contract was dissolved by the dissatisfaction of either party: in such event, if the services were discontinued without any breach of contract on the part of the employer, the servant could not recover upon a general *quantum meruit.* But in this case, it was clearly the duty of Sisk to furnish the minor with suitable clothing; and having failed to do so, she was entitled to recover so much as her services were worth.—1 Durn. and East, 133. The special contract was at an end, and no demand or refusal was necessary.

Judgment affirmed.