FALLON, Plaintiff in Error, *vs.* MURRAY & SULLIVAN, Defendants in Error.

1. In a suit by A. against B., for the price of a cow sold by B. to A., the record in a suit between A. and C. who claimed to own the cow, in which there was a judgment in C's. favor, is not competent evidence to show title in C., nor for any other purpose, unless B. had notice of the suit.

2. The person of whom B. bought the cow, is a competent witness for him, in such a suit.

*Error to St. Louis Law Commissioner's Court.*

*A. P. & P. B. Garesche,* for plaintiff in error, contended that the transcript of the record in the suit between Fallon and Harrison was competent, for the double purpose of showing that a verdict had been rendered for Harrison in that suit, and the amount of costs expended by Fallon in its prosecution. It was not offered to prove title in Harrison.

The court below erred in admitting the testimony of the witness, Samuel Rowley.

*H. N. Hart,* for defendant in error, contended that the court below committed no error, either in admitting the transcript or the testimony of Rowley. The transcript was of a suit between different parties, of which defendants had no notice.

RYLAND, Judge, delivered the opinion of the court.

This was a suit brought by the plaintiff, against Murray & Sullivan, for the recovery of the price of a cow, which the plaintiff alleged he had bought of the defendants, and which had afterwards been taken from the plaintiff by James Harrison, he having the better title thereto, the plaintiff averring, that the defendants did not own the cow at the time they sold her to the plaintiff.

The defendants obtained judgment before the justice of the peace, on the trial of this suit. The plaintiff, thereupon, appealed to the Law Commissioner's Court. On the trial in that court, the defendants again obtained judgment. A motion was made for a new trial, overruled, excepted to, and the case is brought here by writ of error.

1. From the bill of exceptions, it appears, that the plaintiff offered below a record of a suit brought by him against one James Harrison, for a cow, which the plaintiff delivered up to Harrison, and then sued him for. This, the court refused to permit to be read, the plaintiff having given no notice of the suit between himself and Harrison to the defendants. The plaintiff contends, that this record is the best evidence of the

amount of costs in that suit. That may be; but what have the costs of that suit to do with this action? It is not pretended that the record in that case is any evidence, showing to which one of these parties the cow belonged. If the plaintiff had taken the precaution to have notified the defendants in this action, of the suit between him and Harrison, they might have enabled him, probably, to succeed in his suit; or, if he had held on to his cow, and let Harrison sue him, then given the defendants notice, they might have brought evidence enough to defeat Harrison. As it is, the court did right in excluding the transcript. As well might the plaintiff have offered the transcript of any other suit. It had nothing to do with the action then pending.

2. The plaintiff also excepted to the evidence of the person who sold the cow in Illinois to the defendant, which they sold to the plaintiff. This witness proved that the cow, which Harrison got from the plaintiff, was not the one which he sold to the defendants, and, consequently, was not the one they sold to the plaintiff, as there was evidence showing that they sold to plaintiff the one that the witness sold to them. There is no objection to this witness, and the court properly admitted him.

Upon the whole case, there is nothing requiring the interposition of this court. The other Judges concurring, the judgment below is affirmed.