ELLIS, Respondent, v. ANDREWS, Appellant.

1. A bill of exceptions can not, except by consent, be allowed and signed subsequently to the term at which the trial is had.
2. Where it is agreed that the bill of exceptions may be allowed and filed within ten days after the end of the term, and it is not allowed and signed within the ten days, it can not be afterwards allowed and signed.

*Appeal from Cooper Court of Common Pleas.*

The facts sufficiently appear in the opinion of the court.

*Stephens & Vest,* for appellant, cited Stephen on Pleading, 160; 3 Bouv. Inst. 261; Chitty Pl. 518; Wood v. Steamboat Fleetwood, 19 Mo. 529; Swartz v. Chappell, 19 Mo. 304; Rucker v. Eddings, 7 Mo. 115; Brighter v. Cooner, 18 Mo. 347; Foster v. McO'Blenis, 18 Mo. 88.

*Douglass* and *Hayden*, for respondent.

The bill of exceptions should have been presented and signed in term, or ten days thereafter, as counsel agreed it should be. The bill of exceptions was not presented and signed during the term, nor within ten days thereafter, and was signed against the consent of respondent. The bill of exceptions not having been presented and signed in proper time should be stricken from the record, and the judgment below affirmed. (Farrar v. Finney, 21 Mo. 569.)

SCOTT, Judge, delivered the opinion of the court.

It has long been settled that a bill of exceptions must be signed during the term at which the cause is tried. This is not only the practice here, but also in other states. In England, where the statute first allowing a bill of exceptions to the parties to a suit had its origin, it is held that courts are not bound to seal a bill of exceptions tendered at the succeeding term of the court. (Wright v. Sharp, 1 Salk. 288; Sikes v. Ransom, 6 Johns. 279; 9 Johns. 346; Pomeroy v. Selmes, 8 Mo. 132.) The rule has been so far departed from that it is permitted to sign a bill of exceptions at a period subsequent to the term at which the trial takes place, when the consent of the parties is given to such a course and that consent is made a matter of record. (Pomeroy v. Selmes, 8 Mo. 732.)

In the case before us it was agreed that the bill of exceptions should be made out and filed within ten days from the end of the term. It was not done within the time agreed upon, but afterwards and against the consent of the plaintiff. It is now proposed by affidavits to show why the bill of exceptions was not signed within the stipulated time. It is obvious that such a course would be a departure from the practice, which requires that when a bill of exceptions is not signed during the term at which the trial takes place, it must appear by the record that consent was given that it should be signed at a subsequent period. This bill of exceptions is signed after the trial term and against the consent of the

party to be affected by it. It is easy to see the consequences which may result from such a practice; we would not know when a suit was terminated. After a cause is reasonably supposed to be at an end, a suit or strife is commenced in this court in order to have it reversed.

If this practice is countenanced, then, had the judge who tried the cause refused to sign the bill, the party would have a right to come here by a mandamus to compel him to do so. Are judges to be permitted to sign bills of exceptions when they please—bills of exceptions that may be prepared without the knowledge of the party to be affected by them and against his consent? This would be a dangerous engine in the hands of any judge, and, if allowed, suitors would not know when their controversies were at an end. The remark of Judge Tompkins, in speaking in relation to this subject, is strictly correct, " that he who defers till another time to do what he ought to do at the present time, must take to himself all the consequences of his negligence." (Consaul v. Lidell, 7 Mo. 257.) This bill of exceptions is stricken out of the record, nothing beyond the control of the party appearing to have prevented its being signed within the time agreed upon.

As the only errors relied upon for a reversal of the judgment are assigned upon matters appearing only by the bill of exceptions, and as the bill is stricken out, the judgment will be affirmed. Judge Ryland concurring; Judge Leonard absent.