The City of St. Louis v. Bissell.

---

<div style="float:right">

| 46 | 157 |
|---|---|
| 36a | 695 |

| 46 | 157 |
|---|---|
| 150 | 540 |
| 150 | 546 |

| 46 | 157 |
|---|---|
| 92a | 1429 |

</div>

The City of St. Louis, Respondent, *v.* Lewis Bissell, Appellant.

1. *Damages — Covenant against encumbrances — Evidence — Assessment of damages.*—A corporation having purchased certain lands encumbered with leasehold, had them condemned, and the damages to the lessees were assessed in court. Action afterward being brought against the vendor on his covenant against encumbrances, it appeared that, although not technically a party to the record in the proceedings for assessment of damages, he had been duly notified, and had ample opportunity to appear and defend his interests. *Held,* that the judgment assessing the damages was properly admissible in evidence.

2. *Damages — Eminent domain — Covenant against encumbrances, measure of damages in action on.*—For a breach of the covenant of seizin, the measure of damages is the consideration given and received. But the damages for the breach of a covenant against encumbrances depends upon the value of the encumbrance, without reference to the value of the land or the purchase money. The covenantee is entitled to recover what he has paid to extinguish the encumbrance, if he has had a reasonable and fair price. (Henderson v. Henderson, 13 Mo. 161, affirmed.)

*Appeal from St. Louis Circuit Court.*

*Cline, Jamison & Day,* for appellant.

The ultimate extent of the vendor's responsibility, under all or any of the usual covenants in his deed, is the purchase money, with interest. If the eviction be only of a part of the land

purchased, the damages to be recovered · under ·the covenant of. seizin are a ratable part of the original price, and they are to bear the. same ratio ·to the whole consideration that the value of the land to which the title has failed bears. to the value of. the. whole tract.   (4 Kent's Com. 477 ; · Dickson v. Desire's Adm'r, 23 Mo. 151.) .

*Samuel Knox,* for respondent.

The measure of. damages in an action on a covenant against encumbrances is the amount necessary to remove the encumbrances.  (Thayer v. Clement, 22 Pick. 490 ; Willets v. Burgess, 34 Ill. 494 ; Green v. Tillman, 20 N. Y. 191 ; Giles v. Dugan, 1 Duer, 331 ; Stowell v. Bennett, 34 Maine, 422 ; Porter v. Bradley, 7 R. I. 538 ; Pratt v. Boleman, 6 Cush. 549 ; Kelley v. Lowe, 18 Maine, 244 ; Leffingwell v. Alcott, 10 Pick. 204 ; 20 Pick. 474 ; Sedgw. on Dam. 178.)

WAGNER, Judge, delivered the opinion of the court.

Bissell, by a· general warranty deed, containing a covenant against encumbrances, dated July 18, 1867, conveyed to the city of St. Louis 95 85/100 acres of land for the consideration of $95,850, which was duly paid to him by said city.   The deed contained this clause : "Excepting and reserving to the temporary lessees of Lewis Bissell, located on the bank of the Mississippi river, the right to remove and carry away the buildings by them respectively erected thereon."

An act of the Legislature, entitled " an act to enable the city of St. Louis to procure a supply of wholesome· water," approved March 13, 1867, authorized the city of St. Louis, through its board of water commissioners, to acquire lands, etc., necessary for constructing reservoirs for the waterworks.   Section 18 of the said act empowers the commissioners, if they can not agree with the property-holders as to the amount of the compensation to be paid, to institute legal proceedings for the condemnation of the property desired.

The commissioners, in the prosecution of their work, told Bissell that it was necessary for them to have the possession of the

land covered by the leases. He afterward told them that he could make no arrangements with the lessees, and that they could make better terms than he could. He authorized them to go ahead and condemn the leases, but said nothing as to the mode of condemnation. It seems that the lessees refused to make any satisfactory arrangements, or to remove the buildings, and under the law three disinterested freeholders were appointed by the Circuit Court to assess the damages. These damages being objected to by the lessees, a trial was had in the Circuit Court before a jury, which resulted in verdicts assessing the total amount of $3,838.50 to the respective lessees, together with costs. An attorney's fee was also allowed, but as that was afterward remitted, it will be unnecessary to further consider it here. These damages were paid by the city, and this suit is now brought against Bissell to recover them, as for a breach of his covenant against encumbrance. The Circuit Court gave judgment for the city.

It is admitted that the leases were all confined to an area of land covering about $1\frac{264}{1000}$ acres, and that the value of that portion of the property covered by the leases, either in reference to its market value or to its value as determined by the consideration in the deed from Bissell to the city, was the sum of $1,264.

Upon the trial the defendant's counsel objected to the reading of the judgment assessing damages in evidence, on the ground that Bissell was not a party to the proceedings, and was therefore not bound by them. The objections were overruled and the judgments permitted to be read. Although Bissell was not technically a party to the record, I perceive no good or valid objection to the ruling of the court. He was duly notified, and had full and ample opportunity to appear and defend his interests. When told by the commissioners that it was necessary that the leases should be extinguished to enable them to make the property available and prosecute the work, after an ineffectual attempt to agree upon terms with the lessees, he reported that he could make no satisfactory arrangements, and authorized them to proceed to the condemnation. They acted in pursuance of his authority and under his express direction, and we think that he ought to be estopped from now raising the objection. But it is contended

here that the damages are excessive, and that, as the value of the particular piece of property on which the leases existed was only about $1,264, that amount, with interest thereon, would constitute the sum for which Bissell would be liable on his covenant.

That there is great diversity in regard to the rule which should govern such cases in different States, is undisputed. But with us it must be considered as definitely established. For a breach of the covenant of seizin, the measure of damages is the consideration given and received. This question was most elaborately considered in this court in the case of Dickson v. Desire's Adm'r, 23 Mo. 151. But in an action for breach of covenant against encumbrances, the amount of damages depends upon what the covenantee has been compelled to pay to extinguish the encumbrances. (Henderson v. Henderson, 13 Mo. 151.)

In this last case, which was an action for breach of covenant on account of encumbrances, this court, speaking through Mr. Justice Napton, says: "In the present action the amount of the consideration and the fact of its payment or non-payment were matters entirely immaterial to the issue. In an action upon a covenant of seizin, the damages are regulated by the purchase money and interest. Hence some courts have permitted the defendant in this action to go behind the deed, and prove the actual consideration to have been less than that expressed in the deed. But the damages for the breach of a covenant against encumbrances depend upon the value of the encumbrance, without reference to the value of the land or the purchase money. The covenantee is entitled to recover what he has paid to extinguish the encumbrance, if he has had a reasonable and fair price." And this view of the law is sustained by many authorities. (Rawle on Cov. 138, note 1, where the cases are collected.)

As to the reasonableness and fairness of the price paid in the extinguishment of removal of the encumbrances, I think there can be no doubt. The matter was fairly passed upon by a jury and determined with a full view of the evidence, and with the finding we are content.

Judgment affirmed. The other judges concur.