ISAAC WALKER'S ADMINISTRATOR, Respondent, *v*. JAMES A. DEAVER ET AL., Appellants.

### January 22, 1878.

1. A covenant that the grantor will warrant and defend the land conveyed, "against all persons, claims, liens, titles, and encumbrances whatever,'' includes a covenant against encumbrances upon which a recovery may be had.

2. A covenant against encumbrances is a continuing covenant enuring to the benefit of the grantee upon whom the loss may fall in regular line of suc-

cession, but upon the breach of which only nominal damages can be recovered before a loss occurs.

3. Damages for a breach of a covenant against encumbrances is not limited to the amount of the purchase-money. The measure of damages is the amount paid, if reasonable, to extinguish the encumbrance, whether it exceeds the purchase-money or not; and the question as to whether the amount paid was reasonable is one for the jury.

4. In a suit against the covenantor for the breach of a covenant against encumbrances, the record of a recovery against the covenantee, to which the covenantor was neither party nor privy, and of which he had no notice whatever, is not conclusive upon him as to the reasonableness of the amount paid to extinguish the encumbrance; nor is the mere fact of payment any evidence whatever of what the encumbrance was worth.

5. Dower must be assigned under the law in force at the date of the husband's death.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

E. CASSELBERRY, for appellants : A widow is not entitled to dower until her husband's debts shall have been paid. — *Kennerly* v. *Insurance Co.*, 11 Mo. 204 ; *Montrose* v. *Vallé*, 19 Mo. 621. A covenantor is not liable for the increased value of property. — *Staats* v. *Ten Eyck*, 3 Caines, 111 ; *Pitcher* v. *Livingston*, 4 Johns. 1. But only for the value at the time of the purchase. — *McLanahan* v. *Porter*, 10 Mo. 746. In this case, the covenantor was not liable for more than an annuity equal to six per cent per annum on one-third of the consideration-money, nor is he liable for costs of the suits against the covenantee. — *Dickson* v. *Desire*, 23 Mo. 151 ; *Collins* v. *Clamorgan*, 6 Mo. 169 ; *Duncan* v. *Sharp*, 7 Mo. 71 ; *Reese* v. *Smith*, 12 Mo. 344 ; *Long* v. *Matthews*, 23 Mo. 347. Where there is a partial failure of title, the proportional part which the failure bears to the whole consideration, only, can be recovered. — Sedgw. on Dam. 198, 203 ; Field on Dam. 374, 379 ; Rawle on Cov. 296 ; 4 Kent's Comm. 477 ; *Dimmic* v. *Lockwood*, 10 Wend. 142 ; *Grant* v. *Tallman*, 20 N. Y. 191 ; *Cox* v. *Henry*, 8 Casey, 21 ; *Williams* v. *Williams*, 5 Fost. 229 ; *Brady* v. *Spurk*, 27 Ill. 482 ; *Thomas* v. *Mallinkrodt*, 43 Mo. 58 ; *O'Flaherty* v. *Sutton*, 49 Mo. 583. A judg-

ment against one who had no notice of the proceeding is void. — *Smith* v. *Ross*, 7 Mo. 63; *Galaher* v. *Gates*, 20 Mo. 236.

SAMUEL REBER, for appellants: The record of a judgment against the covenantee by the holder of the encumbrance is not evidence of the damage occasioned by the breach of a covenant against encumbrances. — *Fields* v. *Hunter*, 8 Mo. 128; *Fallon* v. *Murray*, 16 Mo. 168; *Mortland* v. *Smith*, 32 Mo. 225; *Owings* v. *Hull*, 9 Pet. 607; *The City* v. *Bissell*, 46 Mo. 157; *King* v. *Newman*, 4 C. B. 884; 2 Whart. on Ev., sec. 823. The recovery should have been on the covenant of warranty. — *Shelton* v. *Pease*, 10 Mo. 473. Measure of damages. — *Dickson* v. *Desire's Administrator*, 23 Mo. 151; *Murphy* v. *Price*, 48 Mo. 247; *Hall* v. *Bray*, 51 Mo. 288–292; Rawle on Cov. 235 (4th ed.); *Tong* v. *Matthews*, 23 Mo. 437; *Brandt* v. *Foster*, 5 Iowa, 287; *Wager* v. *Schuyler*, 1 Wend. 553; *Johnson* v. *Nyce's Executors*, 17 Ohio, 66.

J. M. & C. H. KRUM, for respondent: Estoppel. — Scribner on Dower, 217. Ouster; eviction. — Rawle on Cov. 147 *et seq.*; *Moore* v. *Vail*, 17 Ill. 190; *Magwire* v. *Riggin*, 44 Mo. 512. A widow takes dower under the law in force at the time of the husband's death. The measure of damages for the breach of a covenant against encumbrances is the amount the covenantee was compelled to pay to extinguish the encumbrance. — *Henderson* v. *Henderson*, 13 Mo. 151; *Mosely* v. *Hunter*, 15 Mo. 322; *City of St. Louis* v. *Bissell*, 47 Mo. 157; *Prescott* v. *Freeman*, 4 Mass. 627; *Willet* v. *Burgess*, 34 Ill. 494; *Carter* v. *Bradley*, 7 R. I. 538; *Fawcett* v. *Wood*, 5 Iowa, 400; *Johnson* v. *Britton*, 23 Ind. 165; *Kelley* v. *Low*, 18 Maine, 244.

BAKEWELL, J., delivered the opinion of the court.

This is an action brought against defendants, the children and heirs of Larkin Deaver, deceased, to recover an amount claimed to have been paid to extinguish an encumbrance on

property sold with warranty to the ancestor of defendants. The petition alleges that plaintiff is the administrator *de bonis non* of Isaac Walker, deceased; that on Feb. 21, 1830, Larkin Deaver, in consideration of $5,000, conveyed to Joshua Walker a lot in St. Louis, and that, by said deed, Deaver covenanted that the said premises " were free and clear of all encumbrances," and also that he would warrant and defend the said premises against the lawful demands of all persons whomsoever; that Joshua Walker, by a deed with like covenants, on Oct. 5, 1833, conveyed the same premises to Isaac Walker, plaintiff's testator; and that on June 1, 1857, Isaac Walker, in consideration of $78,760, conveyed the same premises, by deed containing similar covenants, to Mary L. Tyler; that Deaver acquired the premises of Thomas B. Houghan, Dec. 30, 1829, by deed containing the same covenants as are in the deed from Deaver to Walker, the consideration being $5,000; that on Oct. 20, 1863, Sophia Houghan, claiming to be the widow of Thomas B. Houghan, commenced proceedings against Mary L. Tyler for her dower in these premises, of which proceedings Tyler gave due notice to Isaac Walker, and Walker gave due notice to defendants, requesting them to defend; that in these proceedings, Sophia Houghan, on June 14, 1864, recovered judgment for $453.35 and costs, and also for $650, the yearly value, to be paid to her for life; that Tyler paid the damages and costs so recovered, and at once instituted suit against Isaac Walker, on the covenants in his deed, to recover the amount paid by her on the Houghan judgment; that Tyler recovered against Walker, and that Walker paid Tyler the full amount so recovered by her, and costs; that Tyler, to the year 1869, paid Houghan yearly $650, the yearly amount recovered against her by Houghan in said suit, which amounts were, on demand, repaid to her by Isaac Walker; that after Isaac Walker's death, up to June, 1872, these amounts were paid annually by Tyler to Houghan, in June of each year, and

were yearly, during the same month, repaid by Walker's executor to Tyler; that, in January, 1873, plaintiff was appointed administrator *de bonis non, cum testamento annexo* of Walker; and that Tyler, in June, 1873, and June, 1874, paid the same annual amount to Houghan, on account of her judgment, which amounts were regularly demanded by Tyler of plaintiff as administrator, and paid by him, amounting to $1,300; that Deaver is dead, his estate finally settled in 1856, and that defendants are his heirs. Plaintiff says that the encumbrance of the Houghan dower was a breach of Deaver's covenant that the premises conveyed were free and clear of encumbrances, and asks judgment for the amount paid as aforesaid by Walker during his life, and also for the annual amounts paid by the executor of Walker and by the plaintiff to Tyler.

The answer of defendants puts in issue every allegation of the petition, and says that they are not the proper parties defendant, and that the only proper defendant is the administrator of Deaver; that the land did not increase in value whilst Deaver owned it; that Houghan died insolvent, and owning no property whatever, and that his widow is not entitled to dower, under the act in force at the date of the Houghan deed, until Houghan's debts are paid; and that, as a recovery in this case would create a debt against Houghan, she is not entitled at all; that the lot and buildings, when sold by Deaver to Walker, were worth together only $5,000, of which the buildings were $4,000; that Isaac Walker tore down these buildings, and that, if plaintiff recover damages, they must be measured by the value of the premises when sold by Deaver, without the improvements, which is only $1,000. Defendants further say that Deaver and Joshua Walker never had any interest in the property, except as trustees of Isaac Walker, and that the deeds to Deaver and to Joshua were made for the sole use of Isaac Walker. This last allegation of the answer is denied by the replication. The other new matter of the answer was stricken out on motion.

On the trial, the deeds mentioned in the petition were introduced ; also the record of the suit of *Houghan* v. *Tyler*, showing judgment as claimed ; and also the record of a judgment obtained by Tyler, against Isaac Walker, for the amount of damages recovered in the Houghan suit, and costs. Plaintiff also introduced evidence tending to show that Tyler paid the widow Houghan, since the date of the judgment, annually, the assessed annual value of $600, and that Walker repaid it from 1866 to 1874, inclusive, as paid by Tyler ; that the payments thus made by the executor of Walker were made without any allowance in the Probate Court, and that Tyler was in possession when the dower suit was commenced. To all the evidence of plaintiff, defendants objected as incompetent and irrelevant.

Defendants, against the objection of plaintiff, gave evidence tending to show that the dower of Houghan was worth less than the amount recovered against Tyler ; and also offered certain annuity tables, and a calculation of dower on a valuation of $5,000 for the lot.

It was admitted, on the trial, that the property did not increase in value whilst held by Deaver ; that Walker, in 1835, removed the improvements and erected others much more valuable, and that Tyler put up additional improvements, which still remain on the lot ; that the improvements were worth $2,000 whilst Deaver had the lot ; that Sophia Houghan is the widow of Thomas B. Houghan, is aged eighty-six years, and that Houghan's estate is fully administered, and did not pay debts, and that Houghan died in 1862 ; also, that Deaver died in 1850 ; that his estate was finally settled, and that defendants are his children and heirs, and received assets ; and that the taxes on the property in question, since 1862, exceed the rental value when Deaver owned it.

The deed of Deaver, in evidence, contained the statutory covenants implied in the words " grant, bargain, and sell," and a special covenant set out in the course of this opinion.

The court, at the instance of plaintiff, declared the law to

be that the measure of damages is the actual amount paid by Isaac Walker and his legal representatives to discharge the dower claim, with interest from the date of each payment.

Defendants asked instructions, substantially as follows, which were all refused : —

1. That damages cannot be assessed to exceed the sum of interest on one-third of the consideration paid to Deaver, added to one-third the present value of an annuity equal to the interest on one-third of said consideration, to the aggregate of which two items, may be added the costs of the suit against Tyler.

2. The following rule of damages may be adopted, and shall not be exceeded : The value of the dower, being one-third for life, shall be assessed on the value of the lot as fixed by the consideration paid by Walker, and to this shall be added the costs of the Tyler suit.

3. There is no action against the heirs, distributees, or devisees of Deaver.

4. If there are no assets of Houghan's estate, the establishment of the demand in suit would create a demand against Houghan's estate equal to the demand in this action ; and this cannot be done, because the law, prior to July 4, 1835, did not allow dower to the widow until the husband's debts were paid.

5. Plaintiff cannot recover if the lot did not increase in value whilst Deaver owned it.

6. Damages can be recovered against Deaver's representatives only for one-third of the annual amount which the lot would have brought whilst Deaver owned it, less the one-third of the taxes charged since Houghan's death ; but Deaver's representatives can in no circumstances be charged more than at the rate of six per cent per annum on the consideration in the Deaver deed.

7. As it is admitted that the annual taxes since Houghan's death are more than the rental value whilst Houghan owned the lot, there can be no recovery.

8. Defendants are not liable for any damages to which the dowress may be entitled on any increased value of the real estate since Deaver sold, nor on the value of improvements removed by Walker.

The cause was tried by the court, without a jury. There was a finding and judgment for plaintiff for $8,307.66; and defendants appeal.

The deed from Larkin Deaver to Joshua Walker contains the words "grant, bargain, and sell," and is a conveyance in which an estate of inheritance in fee-simple is limited. By statute, therefore, this deed contains express covenants of indefeasible seisin in fee-simple, that such estate was, at the time, free from encumbrances done or suffered by the grantor, or those claiming under him, and for further assurance. It has been held in Missouri, since the decision in *Dickson* v. *Desire*, in 1856, contrary to the more usual doctrine elsewhere, that the statutory covenant of indefeasible seisin runs with the land, and is a covenant of indemnity continuing to successive grantees, and enuring to the one upon whom the loss falls, and that a right of action may arise upon it when a paramount title is hostilely asserted. But it has been the uniform doctrine in this State, that the measure of damages for breach of the covenant of seisin cannot exceed the purchase-money given and received. *Dickson* v. *Desire*, 23 Mo. 151; *Murphy* v. *Price*, 48 Mo. 247; *City of St. Louis* v. *Bissell*, 46 Mo. 160; 44 Mo. 512.

As it is not pretended that Mrs. Houghan's dower was an encumbrance done or suffered by Deaver, the grantor of Walker, the statutory covenant against encumbrances is not invoked in support of this judgment; but our attention is directed to the covenant against encumbrances contained in the following covenant of warranty, written out in the deed: "And the said Deaver, for himself, his heirs, executors, and administrators, does covenant with the said Joshua Walker, his heirs, executors, administrators, and assigns,

that he, the said Deaver, his heirs, executors, and administrators, will forever warrant and defend said lot of ground, and every parcel thereof, unto him, the said Joshua Walker, his heirs and assigns forever, against all persons, claims, liens, titles, and encumbrances whatever, whether in law or equity."

The covenant against encumbrances usually stands by itself in a deed, and is *in præsenti* "that the premises are free and clear of all encumbrances." And so, as we have seen, this covenant is pleaded in the present case, and the deed in which it is contained was objected to by defendants, when offered, as not containing any covenant whose breach is alleged in the pleadings.

It is generally held, and was formerly held in Missouri ( *Chauvin* v. *Wagner*, 18 Mo. 531), that the usual personal covenants (except those of general warranty and for quiet enjoyment, which are prospective), including the covenant against encumbrances, do not run with the land. The reason is that, being *in præsenti*, they are of course broken (if broken at all) as soon as made, and thus become *choses in action*, which are not assignable at common law. In Missouri, however, there is a departure from the rule adopted in the majority of the States; and it is settled ( *Dickson* v. *Desire*, *supra*) that the statutory covenant of seisin, and against encumbrances, are continuing covenants, broken when made, of course, if broken at all, but upon breach of which only nominal damages can be recovered before a loss occurs, and then enuring to the benefit of the grantee in regular line of succession from the original covenantor, upon whom the loss may fall. As this is so of the covenant against encumbrances which the statute affixes to the words "grant, bargain, and sell," the same rule must, of course, be applied to a covenant against encumbrances written out in full; and as this covenant against encumbrances would equally run with the land whether the words used were *in præsenti*, as pleaded, or *in futuro*, as written, we do not see that there

is any variance. As to the covenant against encumbrances, the Supreme Court of this State, departing from the general rule elsewhere, where it is regarded as a covenant of indemnity to the extent of the purchase-money only, holds that the recovery is not limited by the purchase-money, but that, in an action for breach of this covenant, the amount of the purchase-money is immaterial, and the damages depend upon the value of the encumbrance, without reference to the value of the land or the purchase-money. The established rule in Missouri is that, under this covenant, the covenantee is entitled to recover what he has paid to extinguish the encumbrance, if he has paid a reasonable and fair price. *Henderson* v. *Henderson*, 13 Mo. 151; *City of St. Louis* v. *Bissell*, 46 Mo. 160. The reasonableness and fairness of the price is for the plaintiff to show, and is a matter for the jury, to be determined by them on the evidence. Were the question an open one in Missouri, we should be disposed to hold that, where the encumbrance has been removed, the plaintiff's measure of damages for breach of the covenant against encumbrances should be the amount fairly and reasonably paid to extinguish the encumbrance, not to exceed the consideration-money and interest. From the fact that the encumbrance, in the nature of things, is in almost every case less than the purchase-money, the different rule may have been adopted in Missouri, in the first instance, without any serious consideration of its possible effect upon the vendors of property in new and growing towns. The present case is a signal instance of its hardship. A lot sold, in 1835, for $5,000 has increased in value tenfold in twenty-five years. It is quite conceivable that one who has sold a patch of waste land for a song, in perfect good faith, and not knowing, and having no means of knowing, any thing more of the title than was shown by records equally accessible to vendee and vendor, might, under the operation of this rule, in the lapse of time, find himself liable for a claim to dower in acres of building-lots in the heart of a prosperous city.

The covenant against encumbrances is one of modern invention; no rule of damages under it is found in the old books, and when the question arose in New York, in 1830 (*Dimmick* v. *Lockwood*, 10 Wend. 146), it was said that no similar case was then to be found. It seems an anomaly that this merely ancillary covenant should be treated as of more effect than the covenant of seisin, which goes to the whole title. The covenant against encumbrances seems manifestly intended to guard only against a partial loss, and we cannot see why it should be more beneficial to the grantee than are the covenants to which it is subordinate. In this matter, however, we are governed by authority. The rule is established in Missouri, and it is not for us to change it.

It does not appear, in the case at bar, that any evidence whatever was introduced as to the reasonableness of the price paid by Mrs. Tyler to extinguish the encumbrance of the Houghan dower. The records of the recovery in the case of *Houghan* v. *Tyler* fully established the value as against Mrs. Tyler, and also as against Walker, who had express notice of that suit. But the defendants in this case had no notice of that action, and no opportunity, therefore, to raise the question, or to cross-examine witnesses as to the reasonableness of the price paid by Mrs. Tyler. They were not vouched to warranty; and as they were neither parties nor privies to the suit of *Houghan* v. *Tyler*, we do not perceive on what principle they can be concluded by the finding in that suit, as to the reasonableness of the price paid to extinguish the encumbrance. That the judgment against Mrs. Tyler was competent for some purposes is undisputed. But the weight of authority is that, as against one neither party nor privy to the proceeding, it was not even *prima facie* evidence of the actual damage sustained. The mere fact of payment was no evidence whatever of what this encumbrance was fairly worth. Rawle on Cov. 229; *Lawless* v. *Collier*, 19 Mo. 480; 16 Mo. 168; 8 Mo. 128; 46

Mo. 157; *Hardy* v. *Nelson*, 27 Me. 530; 27 Me. 1; *Boyd* . v. *Whitfield*, 19 Ark. 447; 2 Whart., sec. 823.

There is in this no hardship. It is true, Mrs. Tyler did not yield without a contest; but to this contest defendants were not parties. Had she notified them of the suit, or had Walker, when notified by her, given proper notice to them, they would then have been in the position of parties to the action, and would have been bound by the judgment equally with the parties to the suit.

It is not necessary for us to consider the objections raised in this court against the judgment obtained against Mrs. Tyler. It is not binding upon defendants as to the amount of the damages; and it is for plaintiff to show, independently of this judgment, that the amount paid by Mrs. Tyler in discharge of this encumbrance, and repaid to her by Walker and his representatives, was a fair and reasonable price.

Our attention is called to the statement of Judge Bliss, in *Magwire* v. *Riggin*, 44 Mo. 512, that the satisfaction in that case, of Mrs. Thomas's judgment by Magwire, was equivalent to an eviction. It does not, however, appear that Riggin had not been notified of the suit of Mrs. Thomas; and, if it did, the question of the measure of damages does not arise in the case at all. We think that the judgment against Mrs. Tyler, in evidence in the present case, may be regarded as at least *prima facie* evidence of ouster; but we feel compelled to hold that it is no evidence of the actual damage, and there is nothing in the case cited which contradicts that view. A judgment in ejectment is conclusive evidence of eviction by title paramount, as against the covenantor, in an action for breach of covenant of warranty, only where the grantor has notice of the suit. Otherwise, it is never held conclusive against the covenantor. And, in Missouri, where the covenantor has no notice of the proceedings, the record is evidence of eviction, but the plaintiff in the suit for breach of covenant must show by other evidence that

the eviction was by title paramount to that of his covenantor. 20 Ark. 260; 41 Ill. 422; *Fields* v. *Hunter*, 8 Mo. 132. But if it be conceded that the record in the Tyler suit was evidence of eviction by title paramount, the difficulty still remains that the measure of damages is not fixed by the purchase-money paid to Deaver, but depends upon the resolution of every question which may be raised touching the value of Mrs. Houghan's dower in the land.

There is nothing in the objection of defendants that the widow could not recover dower until the debts of her husband's estate were paid. Dower was assignable, not under the law of 1825, in existence when Deaver's deed was given, but under the law in force when Houghan died. Until his death, there was only an inchoate right to dower.

The instructions asked by defendants as to the measure of damages were properly refused. It is clear that the damages to Mrs. Tyler, in this case, resulted from the establishment of an outstanding paramount title. This title she extinguished, and it devolves upon plaintiff to show that the price which she paid for this purpose, and which has been repaid by Walker and his representatives, was reasonable and fair. That this is to be determined by the value of the land at the time of the extinguishment of the paramount title, and not by its value at the date of the previous transfers, sufficiently appears from what is said by Judge Leonard in *Dickson* v. *Desire*, cited above.

The measure of damages declared by the court at the instance of plaintiff is also erroneous, and should not have been given without a proviso as to the reasonableness of the amount paid to extinguish the Houghan dower.

Because the trial court erred in giving this instruction, and because the record discloses no competent evidence as to the amount of damages for which the defendants are liable, the judgment of the Circuit Court must be reversed and the cause remanded. It is so ordered. All the judges concur.

Bakewell, J., delivered the opinion of the court on a motion for a rehearing.

Learned counsel for appellants again calls our attention to *Shelton* v. *Pease*, 10 Mo. 473, and suggests that it was decided in that case that there could be no recovery on a covenant of general warranty, identical with that before us in the present case, as on a covenant against encumbrances, but that the recovery must be on the covenant of warranty.

We think that the covenant in the Deaver deed in the case at bar, whilst a covenant of warranty, was intended to include, and did expressly include, the covenant against encumbrances; by which we understand a covenant that the estate was free, and should remain free, from encumbrances done or suffered by the grantor, or those under whom he holds. In *City of St. Louis* v. *Bissell*, 46 Mo. 157, a similar covenant, that the grantor "shall and will warrant and defend the title to the said premises unto the said party of the second part, its successors and assigns, against the lawful claim and demand of all persons whomsoever" (such is the language in that deed), was held to be a covenant against encumbrances, damages for the breach of which depend upon the value of the encumbrance, without reference to the value of the land or the purchase-money, the covenantee being held there (as we hold him in the present case) entitled to recover what he paid to extinguish the encumbrance if he paid a reasonable and fair price. The point in *Shelton* v. *Pease* seems to be that the general covenant is restrained by the special covenant, and that the special covenant was not a covenant to pay the mortgage-debt, and that the payment of the mortgage by the grantee was no breach of the covenants of general warranty, or of quiet enjoyment. We do not understand *Shelton* v. *Pease* as being in conflict with *The City* v. *Bridwell*, or as compelling us to construe the covenant before us otherwise than as a covenant against encumbrances.

The application for a rehearing is denied. All the judges concur.