James H. Holladay, Plaintiff in Error, v. Frank S. Menifee *et al.*, Defendants in Error.

### Kansas City Court of Appeals, April 5, 1883.

1. Covenants of Title—Recovery of. Damages Under—Eviction. Although a grantee may recover nominal damages for breach of covenant of title, on proof of outstanding paramount title subsisting at the time of making the deed, without an actual eviction, yet where he is admitted into the possession of the land under the deed of conveyance to entitle him to recover back the purchase money from the covenantor he must prove failure of title and eviction, or a surrender in obedience thereto.

2. —— EVIDENCE—EFFECT OF JUDGMENT IN EJECTMENT—CASE
ADJUDGED.—While the judgment in ejectment, pleaded and proved
in this case, was admissible for the purpose of showing the fact of
eviction, yet, without more, it was clearly *res inter alios acta* for
every other purpose ; and furnished no evidence, as between these
parties, of an outstanding superior title.

ERROR to Cooper Circuit Court, HON. E. L.
EDWARDS, Judge.

*Affirmed.*

Statement of case by the court.

The petition in this case alleges, in substance, that
Dr. Jonas Menifee, of Nicholas county, Kentucky, died
testate, leaving a will, which was duly admitted to
probate, in 1866, in said county and state. By this will
he left his property to his son, Frank S. Menifee, and
wife, Mary, to hold and enjoy during their joint lives,
and to the survivor of them during life, with remainder to
their children. C. W. Hamilton, Warder Hamilton,
and F. Munger were designated as executors and trus-
tees of said will; but only C. W. Hamilton accepted
and qualified. The will authorized the executor to sell
the real estate devised by the will, at his discretion, and
to reinvest the proceeds thereof in other real estate, so
as to give the profits and income thereof to said Frank
and Mary Menifee during their joint lives, and then to
the survivor for life, and then to their children in fee.
Afterwards the said executor, at the request of Frank
Menifee, advertised the land situated in Nicholas county,
Kentucky, for sale at public auction, to be sold by him
as such executor. Accordingly on the ninth day of
January, 1867, this land was put up at public auction,
and sold by the executor, and the plaintiff herein became
the purchaser, and received a deed therefor from the
said executor.

The petition alleges that, at and before said sale, both
the executor and Frank Menifee announced or caused it

to be announced, that a good and perfect title would be conveyed by the executor to any person becoming a purchaser thereof. The petition then alleges that with the proceeds of said sale the executor and trustee, under the will, purchased a tract of land in Cooper county, Missouri, taking the title thereto in the names of said Frank and Mary Menifee, to hold jointly during their joint lives, and then to the survivor during his or her life, with the remainder to their children. It is then alleged that the title to about twenty-seven acres of the land so sold to plaintiff in Kentucky had failed, and that the plaintiff had been evicted therefrom in an ejectment suit by George A. Dorrell *et al.*, against him. The petition alleges that, shortly after this eviction, the defendant Frank Menifee promised to refund to plaintiff the purchase money for said land, and the costs to which plaintiff had been put by reason of said ejectment suit. The petition avers that plaintiff is entitled to have the land so purchased in Cooper county, Missouri, subjected to the payment of plaintiff's claim for the loss of the land in Kentucky, and his expenses incurred in the defence of said suit, and prays for the enforcement of the same against the Cooper county land.

The answer put in issue the allegations of the petition, charging that the land was sold under assurances of a good title, or that Frank Menifee promised to reimburse plaintiff as alleged. It then set up the provisions of the will under which the executor was acting, as defining and limiting his powers and authority in selling and giving assurances ; also the deed made by the executor to plaintiff, negativing any other covenant than such as the executor was authorized to make as such executor, and the plaintiff's acceptance thereof. It also denied failure of the title to the Kentucky land, or any knowledge, etc., of the alleged judgment in ejectment. It further pleaded the statute of limitations in bar of the action ; and put in issue other allegations of the bill.

VOL. XXX—14

The evidence of plaintiff sustained the allegations of the bill respecting the will of Dr. Menifee, the sale of the land by the executor, and the making of the deed by him to plaintiff; the purchase of the land in Missouri with the proceeds of the sale of the Kentucky land, and the deed as stated in the pleadings. Respecting the occurrences at the public sale of the land in Kentucky, the plaintiff testified that he understood he was to get a good title to the land, though he never talked with the executor or any one else about it; that the auctioneer, in crying the land for sale, announced that the land was sold with good and sufficient title, and that a deed with covenants of title would be made. C. W. Hamilton, introduced as a witness by plaintiff, testified that the auctioneer announced, "The land that was to be sold, the payments, and that a good deed would be made;" that probably he authorized him to so state; and that he thought the defendant, Frank Menifee, was then present.

The only evidence as to the failure of title to the land in Kentucky, was the record from the Nicholas county circuit court showing the proceedings and judgment in said action of ejectment. This record was read in evidence subject to defendant's objection as to its competency and effect.

Plaintiff's evidence further tended to prove the allegations of the bill respecting Frank Menifee's promise, after the eviction in the ejectment suit, to reimburse plaintiff.

The circuit court found the issues for the defendants, and dismissed the bill. Plaintiff has sued out this writ of error.

Cosgrove & Johnston, for the plaintiff in error.

I. This suit was not barred by the statute of limitations of five years. Plaintiff in error had ten years in which to bring his suit. Rev. Stat., sec. 3229 ; *Hunter v. Hunter*, 56 Mo. 445 ; *Rogers v. Brown*, 61 Mo. 187 ; *Zoll v. Carnahan*, 83 Mo. 41 ; *Hyatt v. Wolfe*, 22 Mo. 191.

II. The money paid by plaintiff in error for the land in Kentucky, was subsequently used in helping to pay for the lands now owned by defendants in error, in Cooper county, and by the doctrine announced in the following cases, plaintiff in error should have a lien on said Cooper county lands, to the extent of the money paid by him. *Blodgett v. Hill*, 29 Wis. 184; *Henry v. McKerlie*, 78 Mo. 416, and cases cited; *Griffith v. Townsley*, 69 Mo. 13; *Shroyer v. Nickell*, 55 Mo. 264, and cases cited; Story Eq. Jur., sec. 1061; *Masten v. Halley*, 61 Mo. 499; *McLoughlin v. Daniel*, 8 Dana (Ky.) 183; *Valle v. Flemming*, 29 Mo. 152.

III. The doctrine of *caveat emptor* has no application to this case. *McLean v. Martin*, 45 Mo. 393; *Wilehnisky v. Cavender*, 72 Mo. 192; *Shroyer v. Nickell*, *supra*. Plaintiff in error bought upon the assurance of the executor that he would receive a good and perfect title to said Kentucky land. The title never passed to him. The executor no doubt intended to and thought he could convey a good title; plaintiff thought so. He paid his money in that belief. *Griffith v. Townsley*, 69 Mo. 13. And defendants in error are enriched, by the money thus paid, and for which plaintiff in error received no consideration whatever. The executor had the right to sell and to re-invest the proceeds of the sale in other lands for the defendants in error, under the provisions of Dr. Menifee's will. True the money was not paid to defendants in person, but it was paid to their use, and they now enjoy the fruits thereof; they received the benefit of the plaintiff's money for which they gave nothing. It is contended that the executor was the representative of the defendants in error, to the extent that the sale was made at their request, and that they should be held to make good the representations made at the sale, that a good title would be conveyed, and in default of that they should not profit by the fraud practiced upon plaintiff in error. *Blodgett v. Hill*, 29 Wis. 186

IV. We can see no difference in principle in

holding that a purchaser at a sale made in good faith by an executor acting under the powers conferred in a will, who fails to convey a good title because his testator had no title to the land sold, shall not have the aid of a court of equity, in enforcing a lien against the land which his money in part paid for, than in holding that a purchaser at a sale made by an administrator or a curator or a sheriff, who, in consequence of some defect, which renders the deed void, may have a lien·upon the land sold at a void sale for the amount of the money paid by him; the lien of a purchaser at such void sales is good not only as against creditors, but against the heirs, also upon the salutary rules of common honesty and equity. That a person shall not have something for nothing, that a person· purchasing in good faith, and who pays money to swell the assets of the estate is entitled to compensation, where the rights of third parties have not intervened. *Henry v. McKerlie, supra.*

DRAFFEN & WILLIAMS, for the defendants in error.

I.   Where one purchases land, and receives a deed, which does not contain any covenants for title, he cannot, in the absence of fraud, recover the purchase money from his grantor, if it turns out that the latter did not have a perfect title at the time of the conveyance. "In the ordinary case of a sale of land, the possibility that the title may fail, is a consideration that enters into the views of both purchaser and seller. If the purchaser does not wish to assume the risk of the title, he protects himself by covenants. If he assumes the risk, he accepts the deed without covenants, and receives his equivalent in the diminution of the price." When the hazard occurs, and for which he received an equivalent, "it would be anything but equitable" to allow him to recover what he paid for the grantor's title. *Platt.v. Gilchrist*, 3 Sandf. S. C. [N. Y.] 113; Rawl. on Covenants for Title, 613. If Jonas N. Menifee, in his lifetime, had conveyed the land to plaintiff,

without covenants of warranty, and had invested the money received in the Cooper county land for the benefit of defendants, this action would not lie. The plaintiff cannot be in any better position because the conveyance was made by the executor.

II. The executor had no power to bind the estate by covenants for title; and he did not undertake to do so. *Nicholas v. Jones*, 3 A. K. Marsh. 385; *Day v. Brown*, 2 Ohio, 443; *Allan v. Sayward*, 17 Am. Dec. 221, and note on p. 224; *Dunlap v. Robinson*, 12 Ohio St. 530; *Barnard v. Duncan*, 38 Mo. 170; *Richardson v. Palmer*, 24 Mo. App. 480. The plaintiff must be presumed to have known the law, and that all the executor could do, was to convey to him such title as the testator had; and, knowing this, must be presumed to have made his bid for the land, accordingly. 17 Am. Dec., note on p. 224; *Palmer v. Richardson*, 24 Mo. App. 480.

III. The representations of the auctioneer cannot bind the defendants or their property. *Dunlap v. Robinson*, 12 Ohio St. 530; *Palmer v. Richardson*, 24 Mo. App. 480. Certainly plaintiff cannot fall back on this, after accepting his deed, without covenants. *McLeod v. Skiles*, 81 Mo. 595.

IV. The alleged promise of Frank S. Menifee to pay plaintiff was without consideration; and certainly could not bind the other defendants or their property. If the suit was upon that promise it was barred; and if the suit was upon his direct promise to pay it should have been an action at law against him alone.

V. There was no evidence to show that the title conveyed to plaintiff was defective, except so far as this fact was shown by the Kentucky judgment. This judgment did not prove that the eviction was by title paramount. The defendants were no parties to that record, and had no notice of the proceedings. *Fields v. Hunter*, 8 Mo. 128.

VI. The principle announced in the cases referred to by plaintiff in error, has no application to the case at

bar.    Where a purchaser's money is used to pay a debt, for which the land bought by him was bound, and it turns out that he did not acquire the title, the courts will not permit the owner of the land to recover it, and also to receive the benefit of the payment made upon his debt.   This is very different from holding, as the court is asked to do in this case, that one who has received an executor's deed, or a quit-claim deed, for land, may recover the purchase money in case of a defect in the title.   Knowing that he took this chance when he purchased, the presumption is, that the consideration paid was regulated by this fact.   Others may have been willing to pay more for the land, but did not do so, because there was no warranty.   He bought it, taking his chances, as to any contest over the title.   He cannot now have the effect of his deed so changed as to make the defendants warrantors of the title.   If the plaintiff is right in this case, then in any case of the execution of a quit-claim deed, the purchaser ought to be permitted to recover the purchase money upon failure of title. This, we do not understand to be the law, and we ask the affirmance of the judgment below.

PHILIPS, P. J.—I.    This action must fail for the reason that plaintiff has failed to make proof of failure of title to the Kentucky land.   Had the deed made by the executor to plaintiff contained full covenants of title and for quiet enjoyment, after the purchaser was let into the possession of the premises thereunder, there could be no recovery of *substantial* damages without proof of eviction, or its equivalent under a paramount title. While the grantee may recover nominal damages for breach of covenant of title, on proof of outstanding paramount title subsisting at the time of making the deed, without an actual eviction ; yet where he is admitted into the possession of the land under the deed of conveyance, to entitle him to recover back the purchase money from the covenantor, he must prove failure of title and eviction, or a surrender in obedience

thereto. *Collier v. Gamble*, 10 Mo. 467; *Shelton v. Pease*, 10 Mo. 474; *Murphy v. Price*, 48 Mo. 250; *Dickson v. Desire, Adm'r*, 23 Mo. 163-4; *Cockrell v. Proctor*, 65 Mo. 41. Certainly the plaintiff can claim no greater right in this action, based upon the alleged parol statement of the executor and Menifee, than he could, had such insurance been incorporated and expressed in the deed. The *gravamen* of his complaint is the loss of the Kentucky land by the assertion of a paramount title. To maintain his action, therefore, it devolved upon him to make proof of this essential fact. He assumed this burden at the trial, and undertook to meet the requirement of his averments in the petition by putting in evidence the record of the proceedings and judgment in the ejectment suit in Kentucky.

It may be admitted that that judgment was admissible for the purpose of showing the fact of an eviction. But, without more, it was clearly *res inter alios acta*, for every other purpose, and furnished no evidence as between these parties, of an outstanding superior title. *Field v. Hunter*, 8 Mo. 132; *Walker v. Deaver*, 79 Mo. 678. In *Koontz v. Kaufman*, 31 Mo. App. ——, (decided at this term of court), this question is fully considered. These defendants were not parties to the suit, and did not even have notice of its pendency.

II. As to the verbal promises, alleged to have been made by the defendant Frank Menifee to plaintiff, after the rendition of the judgment in ejectment, it is sufficient to say it cannot support this action. If it had any legal force, it could not create any actionable obligation against the other defendants herein. No authority is shown for him to speak for, or bind, his co-defendants in the matter. In the second place, if any action were predicable thereon, as the promise was made in 1876, more than five years next before the institution of the suit, the action would be barred by the statute of limitations. The action would be based upon a personal

contract or undertaking, and any judgment thereon would be purely *in personam*, as distinguished from a real action, and, therefore, the five years, and not the ten years, limitation would apply. *Hunter v. Hunter*, 50 Mo. 450, 451. Furthermore, even if such promise had any valuable consideration to support it, the petition does not count upon it. The averment respecting it seems to have been thrown in as a mere "makeweight." The bill is framed for equitable relief, and seeks to pursue a trust fund, by implication, into land, and to charge the land with payment of plaintiff's claim. No judgment *in personam* could go thereon ; and none such evidently was contemplated, as one of the defendants, who owned a joint interest for life in the land, is a *feme covert*.

III. It would be a self-imposed labor to discuss the other questions raised on this appeal, as no matter what our opinion as to them might be, the result must be a judgment of affirmance, which would conclude this action.

The other judges concurring, the judgment of the circuit court is affirmed.