JOHN MAGWIRE, Appellant, *v.* JOHN RIGGIN, Respondent.

1. *Covenant — Indemnity.*—The words "grant, bargain, and sell," contained in the statute (Gen. Stat. 1865, ch. 109, § 8), are a covenant that runs with the land, of indemnity, continuing to successive grantees, and inuring to the one upon whom the loss falls.

2. *Dower — Eviction — Covenant of seizin — Suit on.*—The satisfaction of a judgment in proceedings to enforce the assignment of dower in certain land, held by the grantee under a covenant of seizin, is equivalent to an eviction for the purposes of a suit by him against the grantee on the covenant.

3. *Dower, prior to admeasurement, not subject of grant or assignment.*—A dowress, until her dower is set off, has no property in the land, which is the subject of grant or assignment.

4. *Conveyances — Covenants — Demands based on, should depend on subsisting estate.*—A demand arising from the covenants of a conveyance should depend upon some subsisting estate that would ripen into a right of possession and be made to operate an eviction unless discharged.

5. *Dower — Inchoate right of — Not a "contingent demand" under bankrupt act of 1841.*—A demand against a bankrupt by his grantee or assignee, upon a covenant of seizin in the conveyance, founded upon a possible claim for dower in the land conveyed, is not such a "contingent demand" as could have been exhibited against the estate of a bankrupt, under the act of 1841 (Bankrupt law of 1841, § 5), and is not barred by discharge of the bankrupt for non-presentment prior thereto.

*Appeal from St. Louis Circuit Court.*

*Harding & Crane,* for appellant.

I. The covenant of indefeasible seizin, created by the statute, is a covenant for title, and runs with the land. (Dickson v. Desire, 23 Mo. 151; Chambers v. Smith, 23 Mo. 174.)

II. The covenant sued upon being one which runs with the land, and not broken until after defendant's act and discharge in bankruptcy, that discharge does not release defendant from liability to plaintiff in this action. (French v. Morse, 2 Gray, 111 ; Bush v. Cooper, 26 Miss. 612 ; 5 U. S. Stat. at Large, 444 ; Bennett v. Bartlett, 6 Cush. 225 ; Rawle on Cov., 3d ed., 577.) Uncertain or contingent demands were provable under the act of 1841, but the claim of Magwire in this case is not such a demand ; but, at the time of defendant's discharge in bankruptcy, it was a contingency whether there would ever be a demand. ( *Vide* Reed v. Pierce, 36 Maine, 460 ; Bush v. Cooper, 26 Miss. 612 ; Woodard v. Herbert, 24 Me. 358 ; Goodwin v. Stark, 15 N. H. 218 ; 3 Pars. Cont., 5th ed., 505, note *f* ; James' Bankr. Law, 84–6 ; Bennett v. Bartlett, 6 Cush. 225 ; French v. Morse, 2 Gray, 111 ; 1 Smith's Lead. Cas., 6th ed., part 2, pp. 1135, 1137, 1139.) The discharge of the principal in a penal or official bond in bankruptcy is no bar for after breaches, because the pecuniary obligation imposed by these instruments depends on a contingency which can not be estimated. (Woodard v. Herbert, 24 Me. 358 ; Goodwin v. Stark, 15 N. H. 218 ; Dyer v. Cleveland, 18 Verm. 241 ; Ellis v. Ham, 28 Mo. 385 ; Goss v. Gibson, 8 Humph. 107 ; Loring v. Kendall, 1 Gray, 305 ; Dale v. Warner, 32 Mo. 94 ; French v. Morse, 2 Gray, 111, 113.) The case at bar is clearly distinguishable from the case of Shelton v. Pease, 10 Mo. 475. The latter is a case of a contingent demand.

*Garesche & Mead*, for respondent, relied on Shelton v. Pease, 10 Mo. 475.

BLISS, Judge, delivered the opinion of the court.

In 1839 the defendant conveyed certain lands to plaintiff's grantor by a deed containing the statutory words, " grant, bargain, and sell," without being restrained by other express terms (Gen. Stat. 1865, ch. 109, § 8), and in 1843 obtained a certificate of discharge in bankruptcy, under the act of 1841. In 1868, one Margaret Thomas obtained a judgment in proceedings

for the assignment of dower upon this land, her inchoate title having commenced anterior to that of defendant, as conveyed in his deed of 1839. This suit was instituted by the plaintiff upon the covenants of said deed to his grantor, and the defendant pleads his certificate of discharge in bankruptcy.

The words "grant, bargain, and sell" contain, by the statute, the express covenant of indefeasible seizin in fee simple of the land conveyed, and are a covenant that runs with the land, of indemnity, continuing to successive grantees, and inuring to the one upon whom the loss falls. (Dickson v. Desire's Adm'r, 23 Mo. 151.) No right of action arises upon this covenant until the assertion of the paramount title, and in the present case the plaintiff and his grantor enjoyed peaceable possession until the assertion by Margaret Thomas of her right of dower by her proceedings to enforce it, and for the purposes of this action the satisfaction of her judgment was equivalent to an eviction. This right to avail himself of defendant's covenant, having arisen so many years after his discharge from bankruptcy, he is met by the claim that this covenant is one of the "contingent demands" embraced in that discharge.

The language of the bankrupt act of 1841, in relation to the character of the indebtedness brought within its operation, is very broad. The fourth section provides that "a discharge and certificate, when duly granted, shall, in all courts of justice, be deemed a full and complete discharge of all debts, contracts, and other engagements of such bankrupt, which are provable under this act, and shall and may be pleaded as a full and complete bar," etc. ; and section 5 provides that "all creditors whose debts are not due and payable until a future day, all annuitants, holders of bottomry and respondentia bonds, holders of policies of insurance, sureties, indosers, bail, or other persons having uncertain or contingent demands against such bankrupt shall be permitted to come in and prove such debts or claims under this act, and shall have a right, when their debts or claims become absolute, to have the same allowed them." By these two provisions, all contingent demands that are provable under the act are entitled to a share of the bankrupt's effects, and are barred

by his discharge.   The demand of plaintiff's grantor at the time of the proceedings in bankruptcy were found upon Mrs. Thomas' inchoate right of dower in the premises granted, her husband being then living.   This right is not an estate, but a mere contingent claim, not capable of sale on execution, nor the subject of grant or assignment.   (Moore v. Mayor, etc., 8 N. Y. 110.) It may be divested without the consent of the widow by taking the land for public use.   (*Id.*)   The dowress has a contingent possibility of interest in the premises which may be released, but no property, no actual interest, in it which is the subject of grant or assignment.   Nor is the value of her possible or contingent interest capable of estimate with any degree of accuracy.   (Weaver v. Gregg, 6 Ohio St. 547.)   She may be divested of it by sale in partition.   (*Id.*)   She may relinquish to the person holding the next estate, but can not sell and assign until dower is set off. (Miller's Adm'r v. Woodman, 14 Ohio, 518 ; Waller v. Mardus, 29 Mo. 25.)

Can a demand, founded upon the fear of the ripening and enforcement of such a shadow of a title, be presented to the bankrupt's assignee and liquidated by him?   Is it one of those "uncertain and contingent demands" contemplated in the act?   If so, a large portion of one's business transactions involves such demands.   Every deed of conveyance in the ordinary form contains the covenant of indefeasible seizin; and who knows the encumbrances that, at some future day, may possibly be developed?   One who had made numerous conveyances might find some difficulty in ascertaining the number of possible claims to be inventoried, the time they might possibly ripen, or the persons to whom they may possibly accrue. All these possible claimants should have their demands allowed, and distribution should be suspended until every possibility is excluded by time; and the time involved is well illustrated by the twenty-five years from discharge before the present claim matured.   If distribution be not thus suspended, there is no sense in proving up such a claim; and if it be suspended, the act of 1841 was a greater calamity to *bona fide* creditors than was ever charged by its enemies.   An interpretation that

involves such results should not be given unless imperatively required.

The contingency should not depend upon a contingency, but the subject matter should be tangible and capable of computation, in order to be taken into account in apportioning the bankrupt's estate. The demand, if arising from the covenants of a conveyance, should depend upon some subsisting estate that would ripen into a right of possession and be made to operate an eviction unless discharged. A condition or relation that depends upon several contingencies before it can ripen into an estate even, is altogether too remote a contingency to be a subject of computation. The Supreme Court of Massachusetts, in discussing this subject, says, that "in the bankrupt act uncertain or contingent demands should be held to mean, not demands whose existence depend on a contingency, but existing demands upon which the cause of action depends on a contingency." (French v. Morse, 2 Gray, 114.) In Woodard v. Herbert, 24 Maine, 362–3, the court pertinently remarks : "It is necessary to distinguish between a contingent demand and a contingency whether there ever will be a demand;" and further, "the contingent or uncertain demands, provided for in the act of Congress, are those contingent demands which were in existence as such, and in such a condition that their value could be estimated at the time when the party was deemed to be a bankrupt." In that case the defendant was surety upon a bail bond for one arrested upon *mesne* process, and the liability did not accrue until after defendant's discharge in bankruptcy. The definition of contingent demands thus given by the Supreme Courts of Massachusetts and Maine would not only exclude from the operation of a discharge, under the bankrupt act of 1841, claims like the one involved in this suit, but all demands founded upon encumbrances—where the covenant runs with the land—that had not been made to operate an eviction or to compel satisfaction until after the discharge. In support of the above cases see Reed v. Pierce, 36 Me. 455 ; Goodwin v. Stark, 15 N. H. 218 ; Bush v. Cooper, 26 Miss. 599 ; Burns *et al.* v. Wilkinson, 31 Miss. 537.

Sureties upon a money bond or note, whether due or not at the

time of discharge, can not recover of the principal who has received such discharge, although the obligation be paid by them, and the cause of action arose after the proceedings in bankruptcy. The contrary had been held; but the doctrine was settled by Mace v. Wells, 7 How. 272, and adopted in Craft v. Mott, 4 N. Y. 603. But the reason expressly given for this holding was the opportunity had by the surety to come in and prove up his demand.

But the authorities are not uniform in relation to the liability of a bankrupt upon his covenants in a conveyance, when the breach did not arise until after discharge. In Jamison v. Blowers, 5 Barb. 686, and in Shelton v. Pease, 10 Mo. 475, such discharge is held to be a bar to an action upon such covenants. Both were cases where the land was encumbered by mortgages at the time of the conveyance, and where the mortgage was foreclosed or discharged after the bankrupt certificate was obtained. If the case of Shelton v. Pease embodied a state of facts like those of the one at bar, I should regard it as an authority entitled to the greatest weight, if not wholly controlling our opinion, especially in view of the learning and consideration brought to bear upon the opinions of those who decided that case. But the case did not go off upon that question, and besides, an encumbrance created by deed differs very materially from a liability for dower during the life of the husband. The presentation and allowance of a demand based upon the former, before the mortgage is foreclosed or discharged, is admitted to be difficult; how utterly impossible upon the latter. In the one case the encumbrance is certain, and the only doubt is whether it will ever be enforced; in the other it is matter of doubt whether it will ever exist, and the contingencies are so many that the probabilities against its existence strongly preponderate.

We hold, then, that a demand against a bankrupt, by his grantee or assignee, upon the covenant of seizin in the conveyance, founded upon a possible claim for dower in the land conveyed—the husband of the dowress being alive, or, from some other cause, the claim not being presented until after discharge—is not such a " contingent demand " as could have been exhibited against

the estate of the bankrupt, and is not barred by his discharge in bankruptcy.

The judgment of the court, at general term, reversing that of the special term, is reversed and the cause remanded. The other judges concur.