FRANK W. LEET, Appellant, v. ANDERSON GRATZ, Respondent.

### St. Louis Court of Appeals, February 18, 1902.

1. **Covenants:** ACTION BY COVENANTEE AGAINST COVENAN-
TOR FOR WARRANTY OF TITLE TO LAND: NOTICE TO COVE-
NANTOR: JUDGMENT OF CLAIMANT CONCLUSIVE
AGAINST COVENANTOR. Where a covenantor is notified by his
covenantee or a subsequent grantee of the estate to whom his cove-
nant has run, that he defend against an adverse claim, the cove-
nantor will be bound by the judgment in the case, whether he be-
comes a party thereto after notice given or not, and the judgment
will be conclusive proof in an action on his covenant that the title
of the successful claimant was good.

2. ———: SUIT ON COVENANT OF WARRANTY: DAMAGES
WHEN ESTABLISHED. A party suing on a covenant of war-
ranty or seizin, must establish either an eviction, or that to avoid
an eviction he extinguished the paramount title, or acquired it
unto himself, or yielded to it, before he can obtain substantial
damages.

3. ———: ———: MEASURE OF DAMAGES FOR BREACH OF
COVENANT. And in such case the measure of his damages will
be the purchase price, if he was actually evicted, or what he paid
within the amount of the purchase price, to prevent an eviction by
buying an outstanding title.

4. ———: ———: ———: ———. And it is not necessary that
the covenantee actually submit to an eviction. It is sufficient that
in order to acquire the right to retain the possession of the prem-
ises, he compensate the plaintiff, found to be the true owner
thereof, which constitutes a constructive ouster; and so far as the
compensation paid is reasonable he may recover from his warran-
tor to an amount, not in excess of the consideration which the latter
received for the land.

5. ———: ———: ———. A covenantee can only recover from the
covenantor money paid by the former in acquisition or extinguish-
ment of what was adjudged to be the superior title.

6. **Minor:** WHEN LAND CAN BE SOLD IN PROBATE COURT.
The only contingencies in which the land of a minor may be sold

under an order of the probate court having jurisdiction of the estate are for education, support and maintenance of the minor or for reinvestment.

7. ———. And no power is anywhere given to those courts to authorize a sale of land of minors for the purpose of compromising a litigated claim.

8. Covenantee: WHEN HE CAN NOT RECOVER ON BREACH OF COVENANT OF WARRANTY. In the case at bar, the grantee of the covenantee neither obtained nor extinguished the interest of the minors claiming title to the land, and the consideration which he paid for their title can not be recovered from the covenantor.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney*, Judge.

AFFIRMED.

*Geo. L. Edwards* for Frank W. Leet.

(1) A judgment in an action of ejectment against a covenantee is binding and conclusive upon the covenantor whom the covenantee has notified to defend the suit. Hence, the judgment in the case of Gannon v. Leet is conclusive evidence of paramount title in the Gannon heirs, so far as that title is involved in this suit. The notice to defend had the effect of making that judgment conclusive evidence that the title of the Gannon heirs was paramount. Fields v. Hunter, 8 Mo. 132; City of St. Louis v. Bissell, 46 Mo. 157; Walker's Admr. v. Deaver, 5 Mo. App. 150; Wheelock v. Overshiner, 110 Mo. 100; Rawle on Covenants for Title (5 Ed.), secs. 117 to 125; Devlin on Deeds (2 Ed. 1897), sec. 935, p. 1289; Maupin on Marketable Titles to Real Estate, sec. 175, p. 402. (2) Actual eviction, that is, actual dispossession by process of law consequent upon a judgment, is not necessary in order that a covenantee may maintain an action for breach of the covenants of warranty and seizin, and recover full damages for a breach of such covenants. "The law does not require the idle and expensive ceremony of being turned out by legal process when that result would be inevitable." Collier v. Gamble,

10 Mo. 473; Lawless v. Collier's Ex'r, 19 Mo. 483; Dickson v. Desire, 23 Mo. 163-167; Hall v. Bray, 51 Mo. 288-292; Morgan v. Railway, 63 Mo. 129; Tracy v. Greffet, 54 Mo. App. 562; Magwire v. Riggin, 44 Mo. 514; Walker v. Deaver, 79 Mo. 678. (3) The measure of plaintiff's damages is the sum paid to satisfy the judgment in ejectment and procure a conveyance to himself of the title there established, together with the court costs, his reasonable expenses and attorney's fee. See authorities cited under proposition 2; Hazlett v. Woodruff, 150 Mo. 534; Coleman v. Clark, 80 Mo. App. 339; Long v. Wheeler, 84 Mo. App. 104. (4) The deed from the Mississippi Valley Trust Company to plaintiff is valid and conveys to plaintiff the interest of the minors in the property therein described. Sec. 3497, R. S. 1899; Sec. 3525, R. S. 1899.

*T. K. Skinker* for Anderson Gratz.

(1) The deed of the Mississippi Valley Trust Company does not convey to plaintiff Leet the interest of the minor heirs in the lot described in the petition, and for this reason the plaintiff was not entitled to recover of defendant the sum of $280 paid by plaintiff as the consideration of this deed. The court below so held, and to this extent the judgment is right. R. S. 1899, secs. 3506, 3507; Strouse v. Drennan, 41 Mo. 289; Bone v. Tyrrell, 113 Mo. 175; R. S. 1899, secs. 3512, 3504, 3510, 3497, 3496. (2) The order of the court of September 29, 1900, is of no force except as an acknowledgment of satisfaction of the judgment of ouster previously rendered, so far as concerns the adult plaintiffs. So far as it undertakes to divest title out of the minor heirs, it is a nullity and does not in the least help out the deed of the Mississippi Valley Trust Company. The court below so held, and to this extent the judgment is right. (a) Because it is an attempt to graft a second judgment upon a final judgment already rendered in the same cause. R. S. 1899, sec. 773. (b) Because the decree

was not founded upon the pleadings in the case. Newham v. Kenton, 79 Mo. 382; Muenks v. Bunch, 90 Mo. 500; Reed v. Bott, 100 Mo. 62; Reynolds v. Stockton, 43 N. J. Eq. 211; Munday v. Vail, 34 N. J. L. 418. (c) Because it is a mere registration by the court of an invalid agreement between defendant Leet and the curator of the minors. McClure v. Farthing, 51 Mo. 109; Bank v. Commissioners, 119 N. C. 214; Kelley v. Milan, 127 U. S. 150; Railroad v. Railroad, 137 U. S. 48; Mfg. Co. v. Janesville, 138 U. S. 552; Gray v. Parpart, 106 U. S. 679; Lamb v. Gatlin, 2 Dev. & B. Eq. 37; Bennett v. Bradford, 132 Ill. 269; Tuttle v. Garrett, 16 Ill. 354.

GOODE, J.—This action is on a statutory covenant of indefeasible seizin and an express covenant of warranty contained in a deed purporting to convey the title to certain land in St. Louis county, which was executed by Anderson Gratz and wife to Alice A. Harris on the third day of October, 1890. The grantee in said deed, Alice A. Harris, afterwards conveyed the land therein described, by a similar instrument, to the plaintiff Leet on the thirteenth day of February, 1891. Leet remained in possession and peaceful enjoyment of the premises until the twenty-second day of August, 1899, when certain alleged devisees of a remainder over under the will of one Michael J. Gannon, commenced an action of ejectment against Leet to recover possession and damages for the unlawful detention thereof. Immediately after the service of summons on him, Leet notified Gratz in writing of the commencement of the ejectment case and demanded that Gratz defend the action as provided in one of the covenants in his deed to Alice A. Harris. This notice described the land and was in all respects formal, and sufficient to furnish Gratz with accurate knowledge of the nature of the litigation which he was called on to meet and of plaintiff's requirement that he defend it. He took no steps to do so, however, until the term of court following the term at which a judgment had been rendered in favor of the

plaintiffs against Leet for possession, when he appeared and filed a motion to be made a co-defendant, excusing himself for not acting sooner on the pretext of a negotiation between him and Leet which led him to believe the latter had waived the benefit of the notice served on him to make defense.    No tangible or substantial proof of any negotiation which would amount to a waiver by Leet is found in the record.    The court overruled Gratz's motion to be made a party, as untimely, it having been filed after final judgment was rendered, but during the pendency of a motion for a new trial.    While the ejectment case of the Gannon heirs against Leet was at this stage, to-wit, pending on a motion for a new trial, it was compromised by Leet paying said heirs five hundred dollars to convey their title to him.

Some of the heirs whose title prevailed were minors and three were of full age.    The interest recovered by them jointly was five-sixths of the entire estate.

Pursuant to this compromise, the adult heirs executed a good and sufficient deed conveying their title to Leet; and the Mississippi Valley Trust Company, curator of the minors, procured an order of the probate court of St. Louis county, based on a petition filed for that purpose authorizing or attempting to authorize it to compromise the litigation as to the minors and to make all necessary conveyances required to carry the settlement into effect.    Said order recited that the minors were without means to prosecute the case, had no personal property for their education and support, that their entire estate consisted of the land in litigation and other parts of the same tract, also in litigation, and that it would be for their best interest to have the matter settled.    There was no appraisement of the land before it was conveyed, nor any report of the sale made to the probate court and approved.

On the twenty-ninth day of September, 1900, which was a day of the regular term following the one at which judgment had been rendered against Leet in the ejectment case,

Leet v. Gratz.

an entry was made in the circuit court of St. Louis county, which recited that the plaintiffs in said ejectment case acknowledged satisfaction of said judgment, and, in consideration of five hundred dollars paid by the defendant, agreed and consented to the following decree, with which the entry concludes:

"Wherefore, it is ordered, adjudged and decreed by the court that all the right, title and interest of the plaintiffs and each of them in and to the said above-described real estate is hereby divested out of them and invested in the said defendant Frank W. Leet, his heirs and assigns forever."

Leet paid out for costs, expenses and attorney's fees in the circuit court, the sum of two hundred and fifty-four dollars and forty cents.

Gratz introduced in evidence, in defense of this action, the will of M. J. Gannon, and certain deeds which he insists prove the title he conveyed to Leet was perfect.

At the conclusion of the evidence, the court declared the law to be that the deed of the Mississippi Valley Trust Company as curator of the minor Gannon heirs, plaintiffs in the action of ejectment, did not convey the interest of said minors to the plaintiff and the plaintiff was not, therefore, entitled to recover of the defendant the sum of two hundred and eighty dollars paid by plaintiff for said deed; further, that the entry from the record of the circuit court of St. Louis county, purporting to divest the title to the real estate in controversy out of said minor heirs, was ineffectual for that purpose and did not pass their title to the plaintiff so as to enable him to recover the consideration paid to them therefor.

A declaration requested by the defendant, that Michael and Joseph E. Gannon, sons of Michael Gannon the testator, each took an undivided half-interest in fee in the land in controversy under the will of said testator, and, therefore, the judgment must be for the defendant, was refused; as was one requested by the plaintiff that he was entitled to recover the full amount of the consideration paid by him for the title of

both the adult and minor successful plaintiffs in the ejectment action, together with the amount of reasonable expenses incurred by him in defending said action.

Both parties appealed.

The view taken by the circuit court, of this case, as appears from the instructions given and refused and the judgment, was, that the judgment in the ejectment case conclusively establishes against the defendant in the present action that the title on which plaintiffs were adjudged the possession of the land, or the right to possession, was superior to Leet's, and, hence, conclusively establishes, also, that there was a breach of the covenant of warranty contained in Gratz's deed to Alice A. Harris, on which the plaintiff was entitled to recover as a subsequent grantee of the land; but that the amount of his recovery must be limited to the sum he paid to the adult heirs for conveying their interest to him, plus the necessary expense and costs he had been put to in defending the action. In other words, the trial court held that neither the deed of the Mississippi Valley Trust Company as curator of the minor Gannon heirs, nor the order of the court purporting to divest title out of the plaintiffs in the ejectment suit, was effectual to transfer to Leet the title of said minors, and as their title was still outstanding, he could not compel Gratz to reimburse him for the amount he paid to acquire it.

Plaintiff claims this ruling of the trial court was erroneous; because the defendant, having been served with notice by him to appear and defend the ejectment case, must make good the entire sum he paid to save an eviction by what was adjudged to be the paramount title. Defendant contends, on the other hand, that he is not bound by that judgment at all, that it is only prima facie evidence that the title of the Gannon heirs was paramount and that he had the right in this action to show Leet purchased a worthless instead of a superior title, and, hence, has no right to recover any part of the consideration he paid.

The overwhelming weight of authority is, that where a covenantor is notified by his covenantee or a subsequent grantee of the estate to whom his covenant has run, that proceedings have been instituted to recover the land by one claiming to hold the title, accompanied with a demand that he defend against the adverse claim, the covenantor will be bound by the judgment in the case whether he becomes a party thereto after notice given or not; and the judgment will be conclusive proof in an action on his covenant that the title of the successful claimant was good. The precedents in support of this doctrine are far too numerous to be cited, for it appears to be the law in all the States of the Union, except North Carolina, and to be recognized as such by all text-writers on the subject. City of St. Louis v. Bissell, 46 Mo. 157; Walker, Admr., v. Deaver, 5 Mo. App. 150, Id., 79 Mo. 664; Wheelock v. Overshiner, 110 Mo. 100; Rawle on Covenants for Title (5 Ed.), sec. 117; Wade on Law of Notice (2 Ed.), sec. 480, and many cases cited in notes.

This doctrine is so well settled that it would be superfluous to make quotations to support it from the adjudged cases or legal works. We know of no rule of practice more generally accepted by the courts; and it is applied to actions of ejectment as well as those of trespass to try title, or other proceedings to recover land from a vendee.

Our attention is called by the defendant to some decisions which he says are the other way; but a careful examination of them has satisfied us he is mistaken.

McGregor v. Tabor, 26 S. W. (Texas) 443, merely decided that "a defendant in an action involving title to land may, but is not bound to, join his warrantor; and not having done so, the judgment therein is, as between them, an estoppel to neither." As much would be true, we apprehend, under our statutes. In that case no notice had been given by the defendant in the ejectment case to his covenantor, as the opinion explicitly states; and as the latter was not made a

party, he was, of course, in no way affected by the judgment, except as it was competent against him to show an eviction. Certainly, if a vendee when sued chooses neither to make his warrantor a co-defendant nor deliver him a notice to defend, he is in no position to say the warrantor is concluded by the judgment.

In Graggs v. Richardson, 25 Ga. 566;.Buckels v. Mouzon, 1 Strob. L. R. (S. C.) 448, and Ferrell v. Alder, 8 Humph. 44, the purchasers with warranties were unable to take possession of the land because of the occupancy of third persons, and brought suit against the occupants to recover possession, giving their warrantors notice of the action. The judgment went against the purchaser in each instance, and when he sued his warrantor on the covenant, the judgment was held prima facie evidence against the latter. Neither is a case where a grantee was sued for possession by one claiming to hold the paramount title, and the opinion in Ferrell v. Alder, supra, distinctly approves the rule that a warrantee in possession, against whom an action of ouster is instituted, may bind his warrantor by the judgment in the action by serving him with timely notice, and elucidates the reason why the rule is not applicable when the warrantee himself is forced to sue an adverse occupant of the premises, saying:

"This is an anomalous case; none like it has been produced, and to sustain the position assumed by the circuit judge, would, as we think, be to engraft a new principle upon the law, unwarranted by authority. Where the vendee has been sued, he may notify his vendor to appear and defend the suit, and provision is made by law for making him defendant; but there is no principle by which he can be substituted as a plaintiff in the action of ejectment, and we therefore can think of no reason for notifying him in such case to appear."

In Hovey v. Smith, 22 Mich. 170, where the suit was on defendant's covenant, the point came up on an assignment by the appellant that the lower court had erred in admitting the

record of a previous action of ejectment in evidence. The Supreme Court held it was properly admitted and incidentally remarked it was prima facie evidence of want of title in the defendant. It is apparent the court had no occasion to consider and was not considering the question of whether it would be conclusive, but simply ruled no error was committed in admitting it, and affirmed the judgment.

The diligence of defendant's learned counsel has, therefore, been rewarded by no authority outside the State of North Carolina (which is treated by all commentators as having an anomalous rule in this regard) which impeaches the doctrine that a formal service of notice on a warrantor of the pendency of an action asserting a paramount title, together with a demand of him to defend it, makes the judgment in such suit conclusively binding on him. We rule, therefore, that the notice delivered to Gratz estops him from claiming in the present action that the title of the Gannon heirs, which was adjudged in the ejectment case to be superior to the plaintiff's, was, by sound law, inferior to it.

But this estoppel by no means necessarily entitles the plaintiff to recover from the defendant the entire sum paid by plaintiff to all the Gannon heirs. A party suing on a covenant of warranty or seizin, must establish either an eviction or, that to avoid an eviction, he extinguished the paramount title, or acquired it unto himself, or yielded to it, before he can obtain substantial damages; and the measure of his damages will be the purchase price, if he was actually evicted, or what he paid, within the amount of the purchase price, to prevent an eviction by buying the outstanding title. It is not necessary that he actually submit to an eviction. It is sufficient that in order to acquire the right to retain possession of the premises, he compensate the plaintiff, found to be the true owner thereof, which constitutes a constructive ouster; and so far as the compensation paid is reasonable, he may recover from his warrantor to an amount, as stated, not in excess of the consideration

which the latter received for the land. Maguire v. Riggin, 44 Mo. 512; Walker v. Deaver, supra; Dickson v. Desire, 23 Mo. 151; Rawle on Covenants for Title (5 Ed.), sec. 143, and cases cited in the notes.

Moreover, a covenantee can only recover from the covenantor money paid by the former in acquisition or extinguishment of what was adjudged to be the superior title. Morgan v. Railway Co., 63 Mo. 129. If he merely makes an abortive effort to acquire or extinguish it, securing present immunity from disturbance, but no assurance that it will be permanent, there is no valid reason, so far as we can see, why the warrantor should be required to reimburse him; for, peradventure, the holder of the better title may again assert it against the present tenant or some subsequent grantee, and lay the warrantor open to another action on his covenant, against which a fruitless payment would be a doubtful defense. The conditions essential to a recovery of substantial damages are that there should have been either an eviction of the vendee from the premises, a failure to obtain possession thereof pursuant to his deed, a surrender of possession after a hostile assertion of the paramount title, or a purchase of or an extinction of such title by the vendee.

In this case, Leet got possession and enjoyed it for years. He was not ousted, he did not relinquish the premises to the paramount title nor extinguish it. Part of it, the interest of the adult heirs, he undoubtedly acquired. How about the interest of the minors? If plaintiff had been ousted by them and they put in possession, that would be a complete breach so far as the liability of the defendant is concerned; and after discharging his liability therefor, he would be exposed to no danger of further loss on his covenant; or, if Leet acquired their interest by a valid conveyance and the defendant should reimburse him for the outlay incurred in so doing, he would likewise be secure. But the case is altogether different if the

measures taken to pass their title were ineffectual; for then their judgment for possession remained unsatisfied and in force with the title to the land still vested in them, and they may oust the occupant at any time or leave him in possession indefinitely. He is not in possession as their tenant or under any contract which is binding on them. He does not hold under them but still holds under the deed made to him by Alice A. Harris, subject to an eviction when the curator of the minors chooses, or by them when they reach their majority—perhaps before.

Plaintiff's counsel has questioned our conclusion in this regard, in a motion for a rehearing alleging that it is wrong in principle, in conflict with the decision of the Supreme Court in the case of Lawless v. Collier's Ex'rs, 19 Mo. 482, and unsupported by authority.

After a careful re-examination of what we said, we adhere thereto and deem the learned counsel for the appellant to be at fault in each of the three objections he has raised. The question seemed to us too plain to require a full discussion and perhaps was not enlarged on as it should have been.

First. The general doctrine is stated in 8 Am. and Eng. Ency. of Law (2 Ed.), 111, as follows:

"To amount to a breach of the covenants it is not alone sufficient that there has been a hostile assertion of the paramount title. Where an outstanding paramount title has been asserted against the grantee, *as by the bringing of suit and the recovery of judgment in ejectment, there is no breach until he has either surrendered possession to or purchased that title.*"

Numerous cases are cited in support of that text. So much for the general principle involved.

Second. In Lawless v. Collier's Ex'rs, supra, Collier, the deceased, had conveyed to Gamble a certain tract of land which the latter afterwards conveyed to Mills. Growing

Vol 92 app—28

doubtful about his title, Gamble bought from Luke E. Lawless, who claimed under the heirs of Amos Stoddard, a one-fifth interest in the estate of said heirs and was thereby enabled to protect the title to the land he conveyed to Mills, making the latter secure in the possession thereof. Afterwards the Collier title was defeated by the title of the Stoddard heirs; and Virginia Lawless, as the assignee of Gamble, sued on the covenants contained in Collier's deed to the latter. The question was as to the measure of damages, which the court charged to be the sum paid by Gamble to Lawless for the interest acquired by the former in the estate of the Stoddard heirs. It was ruled in that case by the Supreme Court that no eviction was required in order to enable the plaintiff to recover substantial damages, for the reason that the title conveyed by Collier had been defeated and the grantee of that title, or his assigns, held by one adverse, to-wit, that of the Stoddard heirs, which had been declared paramount. That case is, therefore, the ordinary one of the acquisition of a paramount title by a grantee, his own having been defeated, which all the authorities hold amounts to a constructive eviction and takes the place of an actual one. If Gamble had endeavored to acquire the paramount title from Lawless and failed, the case would have been like the present one and there would have been no recovery of substantial damages.

Third.   Instead of our conclusion being unsupported by any authority, we find one directly in point in this State. Pence v. Gabbert, 63 Mo. App. 302. That case was tried on an agreed statement of facts and was strikingly similar to the one at bar, with the exception that the ejectment suit had been carried to the Supreme Court and the outstanding title declared paramount by that tribunal. The facts were that George Gabbert, deceased, had executed to Pence a warranty deed for certain land and Pence had gone into possession and continued to enjoy possession down to the time of the action on the covenant. Afterwards, Ann E. Throckmorton sued him in

ejectment and obtained judgment in the Supreme Court for an undivided half-interest in the land *which the plaintiff admitted she owned.* Gabbert's administrator was notified of the pendency of the ejectment suit, asked to defend it and did defend it unsuccessfully and Pence paid the rents and damages adjudged in favor of the plaintiff therein.

Now it will be observed, that case is in all material respects identical with the one at bar, except as to the curator's deed made by the Mississippi Valley Trust Company in the attempt to convey the interest of the minor Gannon heirs. In that case the covenantee had been sued in ejectment and the paramount outstanding title adjudged to be in another, and he even admitted that it was in her. The question was, could substantial damages be recovered by the covenantee in an action for a breach of the covenant? The Kansas City Court of Appeals said:

"The rule is, that there must be an actual eviction or something which is equivalent thereto, before substantial damages can be sustained on account of a paramount title; for, while the mere existence of the paramount title is a breach of the covenant, for which nominal damages can be allowed, yet before substantial damages can be allowed, there must be an actual loss of the land, the title to which was warranted. Collier v. Gamble, 10 Mo. 473; Cockrell v. Proctor, 65 Mo. 46; Holladay v. Menifee, 30 Mo. App. 207; Tracy v. Greffett, 44 Mo. App. 562.

"It is contended by plaintiff that the existence of the judgment in ejectment in favor of Mrs. Throckmorton, together with plaintiff's admission that she has title to one-half the land, is sufficient to entitle him to a substantial recovery, notwithstanding he had not been evicted. Such contention is not the law. For he may never be disturbed in his exclusive possession. He may hold adversely to Mrs. Throckmorton and thereby acquire the title by *reason of a possession which his grantor gave him."*

The plaintiff in that case had not surrendered possession to the holder of the superior title, but the opinion says he could be evicted at any time.

Much is said by appellant's counsel about the propriety of his client's yielding to the judgment in the ejectment suit instead of resisting it, and of course it is commendable for a litigant to submit cheerfully to the decrees of the courts of the country; but what was done in this case was a futile attempt to acquire an outstanding title after a judgment in ejectment had established its paramountcy, instead of the plaintiff either yielding to it or being evicted by it; and by no principle of law with which we are familiar is he entitled to recover what he paid out to obtain it, or to recover substantial damages so far as the interest of the minor heirs is concerned, until he has been actually or constructively evicted. Merely continuing in possession after judgment in ejectment and an abortive attempt to extinguish the adverse title by consent of the holders of the latter or their curators, is not constructively equivalent to an ouster. In Home Life Ins. Co. v. Sherman, 46 N. Y. 370, it was said: "A judgment alone is insufficient; the possession must be disturbed or yielded." That was not done in the present case, and, hence, plaintiff can only recover substantial damages as to the interest of the minors if he acquired it.

This brings us to the consideration of the validity of the deed executed by the Mississippi Valley Trust Company as curator of the minors, pursuant to the order of the probate court, and the effect of the so-called decree of the circuit court of St. Louis county, in the ejectment action, purporting to divest the plaintiffs therein of the title and vest it in Leet. The palpable weakness of the curator's deed strikes one at a glance. Where is the statutory authority for such a proceeding? The only contingencies in which the land of a minor may be sold under an order of the probate court having jurisdiction of the estate, are for the education, support and maintenance of the minor or for reinvestment. No power is any-

where given to those courts to authorize a sale of land of minors for the purpose of compromising a litigated claim. True, the order of the court in this instance reads that the Gannon heirs were without any personal estate which could be used for their education and support, but does not direct the sale of their interest in the land in controversy for that purpose, or for reinvestment. Moreover, there was no appraisement of the land prior to the sale, nor any report to the probate court, nor any order approving the same; all of which formalities must be observed to consummate a sale of lands belonging to a minor, even when made for one of the purposes permitted by the statutes.

Plaintiff contends that the proceedings can be upheld by virtue of this clause or section:

"It shall be the duty of all guardians and curators to represent their wards in all legal proceedings, to sue for, demand and receive all their dues, give discharges therefor, and compound the same upon such terms as may be authorized by the probate court; and all matters committed to their care, they shall prosecute and defend for their wards without further admittance in the several courts of the State." R. S. 1899, sec. 3497.

If the word "dues" could be construed to include an estate in lands, or if "discharges" were given for interests in realty, this argument might be persuasive; but obviously the clause admits of no such meaning and was designed to confer no such power. It relates to money demands which often prove uncollectible; whereas, the interest of a minor in real estate can be certainly recovered. The statutes in regard to the duties of guardians and curators receive a strict construction and are not allowed to embrace matters not clearly within their terms. Horine v. Horine, 11 Mo. 649; Beal v. Harmon, 38 Mo. 435; Woods v. Boots, 60 Mo. 546.

We rule that the order of the probate court and the deed of the Mississippi Valley Trust Company pursuant thereto,

failed to effectually convey to the plaintiff Leet the interest of the minor Gannon heirs in the land in controversy.

So far as the order made by the circuit court at the September term goes, it is clearly not binding on the minors, if, indeed it is on the adults. A final judgment had been already rendered in the cause at the preceding term, and there could not be another. R. S. 1899, sec. 773. The motion for a new trial was still pending, but there is nothing before us to show how it was disposed of or that it was disposed of at all, or that the final judgment previously entered was modified or set aside. In fact, it was neither modified nor set aside; for the plaintiffs undertook to acknowledge satisfaction of it as though it made them merely judgment creditors of the defendant Leet. We do not understand how the curator of a minor can acknowledge satisfaction of a judgment which established his ward's ownership and right to the possession of a tract of land; for this would be, in effect, selling the land, which a curator can only do for the purposes and in the mode above stated. Moreover, said entry was wholly outside the scope of the pleadings, independent of the issues they raised, and was a registration of a stipulation between the parties, which stipulation the curator of the minors had no more power to make than it had to make the deed. White v. Rush, 58 Mo. 105. Undoubtedly its ward might assail it later by a bill in equity, if it would not, indeed, be treated as an absolute nullity. Gooch v. Green, 102 Ill. 507.

It results, therefore, that Leet neither obtained nor extinguished the interest of the minor heirs by the proceedings above mentioned, and that the consideration which he paid for their title can not be recovered from the defendant. The judgment of the lower court was right and it is affirmed. All concur.