. LUTHER TALBERT et al., Respondents, v. GEORGE GRIST, Appellant.

Kansas City Court of Appeals, January 28, 1918.

1. **WARRANTY DEEDS:** Breach of Covenant: Unincorporated Companies. A, who had no title, conveyed by a general warranty deed real estate to B, and B by a like deed conveyed the property to C, an unincorporated company; and C by a like deed conveyed the property to D. *Held*, that the deeds from B, to C and C to D were void and persons dealing with C were not estopped to deny its existence as a corporation, as there was no intention on the part of C to obtain from the Secretary of State a charter. But a suit having been brought by the heirs of B against D to try the title and D in his answer having set up that he had the title by reason of the conveyances from B. to C and from C to D, and the court having found for the defendant, and there having been no appeal, A in a suit on his covenant of indefeasible seizin contained in his deed to B is not in a position to say that D and his privies have not such rights in the real estate under the various conveyances that he may not sue A upon the covenant contained in the latter's deed.

2. ———: ———: Grant, Bargain and Sell. The words "grant, bargain and sell" used in a warranty deed are, under section 2793, Revised Statutes 1909, covenants of warranty and for quiet enjoyment, and against incumbrances, as well as seizin, which run with the land, and they may be sued upon by any subsequent grantee who sustains a loss by failure or defect in the title.

3. ———: Equity: General Relief. In an action brought under section 2535, Revised Statutes 1909, the court may hear and finally determine any and all rights, claims, interests, liens and demands whatsoever of the parties, or any one of them, concerning or affecting real property and may award full and complete relief, whether legal or equitable, and the relief provided in sections 2401, 2403, 2404 and 2405, Revised Statutes 1909, may be granted to defendant in the same suit.

Appeal from Schuyler Circuit Court.—*Hon. N. M. Pettingill*, Judge.

AFFIRMED.

*C. C. Fogle* and *R. E. McKee* for appellants.

*Campbell & Ellison* and *Rolston & Rolston* for respondents.

BLAND, J.—On October 13, 1894, Sarah E. Wales purchased and owned in fee simple the title to the south half of Block Fourteen (14), Colorado City, otherwise described as Lots Four, (4), Five (5), Six (6), Seven (7), Eight (8) and Nine (9) in Colorado City, Schuyler County, Missouri. The property was afterwards taken into the village of Greentop. Sarah E. Wales died intestate owning this property, leaving her husband, George W. Wales, her sons, John P. Wales and Harry Wales, and a grandson, Virgil Fowler, as her sole and only heirs. George W. Wales moved to Iowa and took with him his sons. The taxes upon the land became delinquent, the property was afterwards sold for the same and a sheriff's deed was made on May 11, 1903, conveying the property to defendant, George Grist. This tax deed was void and conveyed no title to said Grist. George Grist conveyed these lots by a warranty deed, regular in form, dated May 18, 1903, to Wallace Wilson, who took possession of the premises under such deed, claiming in good faith the title thereto. By a warranty deed regular in form, dated June 29, 1908, Wallace Wilson and his wife conveyed the property to the Greentop Telephone Exchange and its successors. This company was an unincorporated company and there was evidence that it was intended that it should become a corporation. Said company (or the members composing it) likewise went into the possession of the property and claimed in good faith the title thereto under said deed. By a warranty deed, regular in form, dated February 12, 1913, the Greentop Telephone Exchange by Luther Talbert, James Young and R. W. Hart, directors, conveyed the property to Harry A. Buchanan and Frank B. Farrington, who went into possession thereof claiming in good faith the title thereto, and on February 16, 1915, Buchanan and Farrington and their wives conveyed to plaintiffs Lots Four (4), Five (5), Six (6), Seven (7) and a portion of Lot Eight (8), being in the south half of Lot Fourteen (14), of Colorado City; the latter likewise went into possession thereof claiming, in good faith, the title thereto.

On February 16, 1915, the heirs of Wallace Wilson, claiming through him brought a suit against the Greentop Telephone Exchange and Talbert, Young and Hart, its directors, and Buchanan and Farrington to try the title to said property. The answer in said suit set up that the Greentop Telephone Exchange purchased the property from Wallace Wilson and wife, who, by their warranty deed and in consideration of six hundred and fifty ($650) dollars, conveyed said premises to the Greentop Telephone Exchange and its successors, and that said Greentop Telephone Exchange by its directors, Talbert, Young and Hart, by a warranty deed, and in consideration of six hundred ($600) dollars, thereafter conveyed the property to Buchanan and Farrington. The court by its judgment in said suit, apparently rendered on the same day that the suit was filed, found the title to the property to be in said Buchanan and Farrington.

On August 23, 1915, the heirs of Sarah E. Wales brought suit against Buchanan and Farrington and Virgil Fowler, the latter being a minor heir of said Sarah E. Wales, asking the court to determine the title to the property claimed by the defendants therein, as provided in section 2535, Revised Statutes 1909, and on August 31, 1915, said heirs of Sarah E. Wales, deceased, brought a like suit against these plaintiffs, the Greentop Telephone Exchange, and other persons, asking the court to try the title to the property conveyed by Buchanan and Farrington to these plaintiffs as aforesaid. Before these suits were tried a guardian *ad litem* was appointed for the minor defendant, Virgil Fowler. Thereafter the defendant herein was served with notices signed by these plaintiffs Greentop Telephone Exchange, and Buchanan and Farrington, notifying this defendant that said suits had been brought and requesting that this defendant come in and defend the title as he was required to do by virtue of the covenant and warranty contained in his said deed to Wallace Wilson, dated May 18, 1903. This defendant failed to appear or defend these suits but the de-

fendants therein filed their answers and on a trial judgments were rendered therein that the plaintiffs and defendant, Virgil Fowler, were entitled to the property subject to the improvements, and that "certain improvements were put on said lots by said defendants, in good faith, and without any knowledge on their part of any title or claim to said lots on the part of said plaintiffs and Virgil Fowler, and while said defendants were holding and claiming the said lots, adversely to said plaintiffs and Virgil Fowler." That the value of said lots, without such improvements, including, rents accrued was nine hundred and seventy-five ($975) dollars, and that the value of said lots, including said improvements was four thousand, eight hundred and seventy-five ($4875) dollars. The court then ordered that upon the payment of nine hundred and seventy-five ($975) dollars to plaintiffs and Fowler, defendants should have and hold the fee-simple title to said lots, and said payment was so made.

On January 4, 1917, this suit was brought by plaintiffs for damages incurred by reason of said suits brought against these plaintiffs and Buchanan and Farrington (plaintiffs being the assignee of the latter's claim) for breach of this defendant's covenant and warranty as contained in his said deed to Wallace Wilson. The cause was tried before the court and judgment was rendered in favor of plaintiffs, and defendant has appealed.

Defendant's first point is that plaintiffs had no right to sue upon defendant's covenant and warranty contained in his deed to Wallace Wilson, for the reason that the Greentop Telephone Exchange was an unincorporated company and that the conveyances by Wilson to it and from it to Buchanan and Farrington were void. To support this contention defendant relies upon Douthitt v. Stinson, 63 Mo. 268; Reinhard v. The Virginia Land and Mining Co., 107 Mo. 616, and The White Oak Grove Benevolent Society v. Murray, 145 Mo. 622. These cases sustain defendant's contention that the deeds from Wilson to the Greentop Telephone

Exchange and from the latter to Buchanan and Farrington were void. Nor can persons dealing with such a company be estopped to deny its existence as a corporation. The general rule is that where a person has contracted and dealt with another as a corporation, that he and his privies will be estopped, in a proceeding wherein such dealings are an issue, to deny the existence of the corporation. This rule does not extend to a case where no charter has been obtained from the Secretary of State and there has never been an intention to obtain such a charter. [Elliott v. Sullivan, 156 Mo. App. l. c. 507; Douthitt v. Stinson, supra; Reinhard v. The Virginia Land and Mining Co., supra; The White Oak Grove Benevolent Society v. Murray, supra; Bradley v. Reppell, 133 Mo. 545; West Missouri Land Co. v. Railway Co., 161 Mo. 595.] However, we do not believe that the fact that those deeds were void deprives plaintiff in this case of the right to sue on the covenant of indefeasible seizin contained in defendant's deed. As before stated on February 16, 1915, the heirs of Wallace Wilson (Wallace Wilson was defendant's grantee in a deed the validity of which is not disputed) brought suit against the Greentop Telephone Exchange and Buchanan and Farrington. There was a final judgment rendered in that case which, in effect, determined that all the interest of Wallace Wilson or his heirs in the land was then owned by Buchanan and Farrington. This judgment was binding on the parties therein and their privies whether or not the court rendered the same on erroneous conclusions of law, and the parties thereto and their privies were not in a position to thereafter urge that the deeds from Wilson to the Greentop Telephone Exchange and from the latter to Buchanan and Farrington were void deeds. The loss having fallen upon these plaintiffs the covenant in defendant's deed inured to them. [Dickson v. Desire's Adm'r, 23 Mo. 151; Iowa Loan and Trust Co. v. Fullen, 114 Mo. App. l. c. 638.]

The words, "grant, bargain and sell" used in a warranty deed are, under section 2793, Revised Statutes

1909, covenants of warranty and for quiet enjoyment, and against incumbrances as well as of seizin, which run with the land, and that they may be sued upon by any subsequent grantee who sustains a loss by failure of or defect in the title, has been settled by many decisions of our courts. [Staed v. Rossier, 157 Mo. App. l. c. 308, and cases therein cited.]

It is said in Allen v. Kennedy, 91 Mo. l. c. 329:

"As to the covenant of seisin of an indefeasible estate in fee-simple, the claim is, that this covenant, if broken at all, is always broken when made, and does not run with the land. Whatever may be the rule elsewhere, with us it is more than a covenant in the present tense. It is rather a covenant of indemnity, and it has often been held that it runs with the land to the extent that if the covenantee takes any estate, however defeasible, or if possession accompanies the deed, though no title pass, yet, in either event, this covenant runs with the land and inures to the subsequent grantee, upon whom the loss falls. [Dixon v. Desire, 23 Mo. 515; Chambers v. Smith, 23 Mo. 174; Maguire v. Riggin, 44 Mo. 512; Jones v. Whitsitt, 79 Mo. 188.]"

It will be noted that this is not a suit upon a covenant in void deeds, that is, the deeds from Wallace Wilson to the Greentop Telephone Exchange and from the latter to Buchanan and Farrington, but a suit upon covenants in the valid deed from the defendant to Wilson.

Defendant urges that the plaintiffs herein are not entitled to recover damages in this suit for the reason that the court, in the suits brought by the Wales heirs against plaintiffs and Buchanan and Farrington, erred in considering the question of improvements and allowing the same to the defendants therein. The reason given for this claim is that those suits were brought to determine the title to the property and no relief other than to ascertain and determine the title was mentioned in the pleadings, nor was defendant notified of the pendency of any other character of suits except those brought to determine the title. While the statute under

198 M. A.—32

which these suits were brought, section 2535, Revised
Statutes 1909, provides that "upon trial of such cause,
if the same be asked for in the pleadings by either party,
the court may hear and finally determine any and all
rights," etc., and there was nothing in the pleadings
in those cases asking for an allowance for improvements,
nevertheless, it is quite evident that those cases were
tried upon the theory that such relief was requested as
it was granted by the court in its judgments.   Had
the defendant been present and defended those suits,
as he was in duty bound under his covenant and
warranty, he might have made objection then as to the
theory upon which the case was being tried.   Not hav-
ing been present he is now estopped from saying that
the case was not properly tried and he is bound by the
judgments of the court in those cases awarding the
improvements to the defendants therein.   [Leet v.
Gratz, 92 Mo. App. 422.]

We are also of the opinion that defendant cannot
complain that the notices served upon him did not state
that the court would be asked to allow plaintiffs in those
cases the improvements.   The notices served on the
defendant notified him that suits had been commenced
to try the title to the land, that is, suits as provided
under sections 2535 and 2536, Revised Statutes 1909.
Under the provisions of these sections we think it ap-
parent that the court may award the relief provided
for under sections 2401, 2402, 2403, 2404 and 2405, Re-
vised Statutes 1909.   (This last section provides that
in certain contingencies the defendant may take the
land and pay plaintiff therefor).   While the relief pro-
vided for in sections 2401 et seq. cannot be granted in
an ejectment suit but must be obtained in a separate
suit brought after judgment for plaintiff in the eject-
ment case (Dawkins v. Griffin, 195 Mo. l. c. 438; Jasper
County v. Wadlow, 82 Mo. 172; McClannahan v. Smith,
76 Mo. 428), the suits by the Wales heirs were not suits
in ejectment.   Section 2535, Revised Statutes 1909, under
which these actions were brought provides that "the
court may hear and finally determine any and all rights,

claims, interests, liens and demands whatsoever of the parties, or anyone of them, concerning or affecting said real property, and may award full and complete relief, whether legal or equitable." This statute is very broad in its terms and as it is highly remedial and beneficial in its purposes it should be given a very liberal construction. [Ball v. Woolfolk, 175 Mo. l. c. 285; Garrison v. Frazier, 165 Mo. l. c. 46.] One of the objects of this statute is to give a right of action to any person claiming an estate in lands and to permit a defendant to set up any defense he may have and to ask for and have litigated any relief the law gives him. We believe that these notices served upon the defendant fully covered suits wherein the value of the improvements were awarded to the defendants. Section 2100, Revised Statutes 1909, has no application to notices of this kind.

Aside from this we do not believe that defendant in this case can complain of the action of the court in awarding the improvements to the defendants in those cases, for the reason that it was to the distinct advantage of the defendant herein that the defendants in those cases saved the value of the improvements instead of permitting plaintiff in those cases to recover the land and improvements. Defendant's contention that the defendants in those suits were not evicted because they retained the land and improvements after paying for the former is not well taken. [Magwire v. Riggin, 44 Mo. 512; Leet v. Gratz, supra.]

In the suits brought by the Wales heirs against plaintiffs, Greentop Telephone Exchange, and Buchanan and Farrington, the court found and adjudged that the minor, Virgil Fowler, was the owner in fee of one-fourth of the real estate and further found the value of his interest and adjudged and decreed that he be divested of the title and that the defendants therein be vested with the same upon the payment of plaintiffs (therein) attorney's fees and the amount found to be the value of their interest in the land.

Defendant claims that the court had no power to do anything further than to adjudge said minor to be

the owner of an undivided one-fourth interest in the
property, and that the minor could be divested of such
title, (if at all) only by and through the probate court,
citing Leet v. Gratz, supra.   In that case the devisees
of one Martin J. Gannon had brought suit in ejectment
against Leet (the plaintiff in the case of Leet v. Gratz)   .
and the devisees had recovered possession of the land
in said ejectment suit, thereafter Leet, the defendant
in the last-named suit, compromised the ·same for five
hundred ($500) dollars, which was paid to the adult
devisees and to the curator of the minor devisees.   The
curator of the minors attempted to carry out said com-
promise agreement by conveying, under an order from
the probate court, the interest of such minors to Leet.
The circuit court then adjudged that the title be out of
the minors and be in the defendant, Leet.   The defend-
ant in that case, Leet, then brought suit against Gratz
on his covenant of seizin and warranty and the court
held (Leet v. Gratz, supra) that Leet could not recover
the amount he paid to the guardian of the minors as
there was no power given by the law to any court to
order the sale of land to minors to compromise a liti-
gated claim.   However, we do not believe that that case
(Leet v. Gratz, supra). is in point on the question be-
fore us in this case.   In the suit by the Wales heirs there
was no effort made to compromise with the guardian
*ad litem* of the minor, Virgil Fowler, and to buy his
title for a consideration.   The court tried these suits
under the provisions of sections 2535, 2536 and 2401 et
seq., Revised Statutes 1909. There is nothing in those
sections providing that the court shall not exercise the
powers conferred therein in cases where one of the par-
ties to the suit is a minor.   The minor, Virgil Fowler,
was represented in those suits by his guardian *ad litem,*
and there can be no doubt but what the court, exercising
the powers conferred upon it by said sections of the
statutes, had a right under section 2405, Revised Stat-
utes 1909, to order that the defendants in those suits take
the land· and pay the ascertained value thereof to the
owners thereof.

OCTOBER TERM, 1917.                    501

Smith Const. Co. v. Mullins and So. Surety Co.

The deed from Grist to Wilson was for land in Colorado City, originally a town in Schuyler County, Missouri. The suit of the Wales heirs involved the title to land in Colorado City, an addition to the original town, now the village of Greentop, in said county and State. Defendant urges that there was no evidence that the said tracts were identical and that oral evidence introduced to show the identity of the two tracts was not admissible. These points are ruled against the defendant. The identity of the two tracts might be shown by parol. [Hubbard v. Whitehead, 221 Mo. 672; Wilcox v. Sonka, 137 Mo. App. 54.]

The court properly permitted the witness, Hart, to testify as to the actual consideration in the deeds offered in evidence to show the value of the premises at various times. The amount paid by the grantees in these deeds was a proper issue in the case and the consideration as named in the deeds might be shown to have been other than that named. [Leet v. Gratz, supra; Allen v. Kennedy, supra, l. c. 328.]

The judgment is affirmed. All concur.